**CITY OF HOUSTON, Appellant,**

v.

**Gloria ESPARZA, Appellee.**

**No. 01–11–00046–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 7, 2011.

---

Bertrand L. Pourteau II, Judith L. Ramsey, The City of Houston Legal Department, Mary H. Burke, Houston, TX, for Appellant.

Matias Jose Adrogue, Matias J. Adrogue, P.L.L.C., Houston, TX, for Appellee.

Panel consists of Justices KEYES, HIGLEY and BLAND.

## OPINION ON REHEARING

JANE BLAND, Justice.

After a car wreck, Gloria Esparza sued the City of Houston, alleging that its employee's negligence was the cause. She sued the employee, too, but the employee was dismissed from the suit under the Texas Tort Claims Act's election-of-remedies provision. The trial court denied the City's plea to the jurisdiction under the same provision, from which the City appeals.[1] We issued an opinion on June 9, 2011 in favor of the City. Esparza has moved for rehearing, raising new jurisdictional arguments. We grant rehearing and withdraw our previous opinion. We conclude that the trial court properly denied the City's plea to the jurisdiction. We therefore affirm the trial court's order.

### Background

Esparza sued the City and its employee, Manuel Espinoza, alleging that Espinoza negligently caused a car accident involving Esparza.[2] The City moved to dismiss Esparza's claims against Espinoza individual-

---

1. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (West 2008) (authorizing interlocutory appeal from denial of governmental unit's plea to the jurisdiction).

2. Esparza did not plead that her claims against Espinoza were brought against him in his official capacity, nor did she limit her claims against him to conduct within the scope of his employment. Instead, she asserted negligence claims against Espinoza and claims against the City "[a]dditionally, and/or in the alternative."

ly, pursuant to section 101.106(e) of the Tort Claims Act.[3] It also filed a plea to the jurisdiction, asserting that Esparza's claims against the City are barred by section 101.106(b) of the Act.[4] The trial court granted the motion to dismiss Espinoza, but it denied the City's plea to the jurisdiction. The City challenges the denial of its plea.

## Standard of Review

■■■ A plea to the jurisdiction challenges the trial court's subject-matter jurisdiction to hear a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000); *Kamel v. Univ. of Tex. Health Sci. Ctr.*, 333 S.W.3d 676, 681 (Tex.App.-Houston [1st Dist.] 2010, no pet.). The existence of subject-matter jurisdiction is a question of law that we review de novo. *State Dep't of Hwys. & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex.2002); *Kamel*, 333 S.W.3d at 681. We may not presume the existence of subject-matter jurisdiction; the burden is on the plaintiff to allege facts affirmatively demonstrating it. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44, 446 (Tex. 1993); *Kamel*, 333 S.W.3d at 681. In deciding a plea to the jurisdiction, a court may not consider the merit of the case, but only the pleadings and evidence pertinent to the jurisdictional inquiry. *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex.2002).

■■■ Whether a governmental entity is immune from suit is a question of subject-matter jurisdiction. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Determination of that issue here turns on construction of the Tort Claims Act's election-of-remedies provision. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.106

(West 2011). In construing a statute, our primary objective is to determine and give effect to the Legislature's intent. *State ex rel. State Dep't of Hwys. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex.2002); *Alexander v. Walker*, 355 S.W.3d 709, 711 (Tex.App.-Houston [1st Dist.] 2011, no pet.); *see also* Tex. Gov't Code Ann. § 312.005 (West 2005). We first look to the plain language of the statute. *Fitzgerald v. Adv. Spine Fixation Sys.*, 996 S.W.2d 864, 865 (Tex. 1999); *Alexander*, 355 S.W.3d at 711. We may also consider the object the Legislature sought to attain, the circumstances under which it enacted the statute, legislative history, former statutory provisions, and the consequences of a particular construction. *See* Tex. Gov't Code Ann. § 311.023(1)-(5) (West 2005). "We 'read the statute as a whole and interpret it to give effect to every part.'" *Gonzalez*, 82 S.W.3d at 327 (quoting *Jones v. Fowler*, 969 S.W.2d 429, 432 (Tex.1998)). With respect to a statutory waiver of immunity, as in the Tort Claims Act, we interpret the waiver narrowly, as the Legislature's intent to waive immunity must be clear and unambiguous. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex.2008) (citing Tex. Gov't Code Ann. § 311.034 (West 2005)).

## Subject–Matter Jurisdiction

### A. The Evolution of Section 101.106 of the Tort Claims Act

■■■ Governmental immunity protects subdivisions of the State, such as the City, from lawsuits and liability, which would otherwise "hamper governmental functions by requiring tax resources to be used for defending lawsuits and paying judgments rather than using those resources for their intended purpose." *Garcia*, 253 S.W.3d at

---

**3.** *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.106(e) (West 2011).

**4.** *See id.* § 101.106(b).

655–56 (quoting *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006)). The State can waive this immunity, and the Legislature has enacted statutes that create limited waivers with respect to specific types of claims. *E.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 101.001–.109 (West 2011) [Tort Claims Act]; TEX. LAB. CODE ANN. § 21.001–.556 (West 2011) [Texas Commission on Human Rights Act (TCHRA)]. The Tort Claims Act "is the only, albeit limited, avenue for common-law recovery against the government," and governs all tort claims asserted against a governmental entity. *Garcia*, 253 S.W.3d at 659.

Historically, in an effort to avoid the Tort Claims Act's restrictions, claimants under the Act sometimes chose to sue the employee of a governmental entity, rather than the entity itself. *Id.* at 656. Thus, in 1985, the Legislature added to the Act a provision that prevented claimants from suing government employees after settlement or adjudication of claims against the government employer when the claims involved the same underlying conduct. Act of May 17, 1985, 69th Leg., R.S. ch. 959, § 1, 1985 Tex. Gen. Laws 3242 (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 101.106). Claimants nonetheless continued to sue both the governmental entity and its employee, often alleging that the employee acted within the scope of his employment or, in the alternative, that the employee was outside the scope of his employment. *Garcia*, 253 S.W.3d at 656. This resulted in increased litigation costs for the government. *Id.* To alleviate this problem, the Legislature amended section 101.106 in 2003 to force claimants to "decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable, thereby reducing the resources that the government and its employees must use in defending redundant litigation and alternative theories of recovery." *Id.* at 657.

Under the amended provision, entitled "Election of Remedies," a claimant's filing of suit operates as a binding election between pursuing her tort claims against a governmental entity or pursuing them against its employees individually. TEX. CIV. PRAC. & REM. CODE ANN. § 101.106. The provision states:

(a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

(b) The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

(c) The settlement of a claim arising under this chapter shall immediately and forever bar the claimant from any suit against or recovery from any employee of the same governmental unit regarding the same subject matter.

(d) A judgment against an employee of a governmental unit shall immediately and forever bar the party obtaining the judgment from any suit against or recovery from the governmental unit.

(e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

(f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

*Id.*

The Supreme Court of Texas has recognized that the Tort Claims Act's election-of-remedies provision imposes "irrevocable consequences" on a claimant's decision regarding whom to sue, such that a claimant "must proceed cautiously before filing suit and carefully consider whether to seek relief from the governmental unit or from the employee individually." *Garcia*, 253 S.W.3d at 657.

## B. The Parties' Contentions

The City contends that Esparza has failed to comply with the election-of-remedies provision because she sued both the City and its employee. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.106. The City asserts that the provision requires a claimant to choose between suing either the City or its employee, and a claimant who instead sues both loses the opportunity to sue either—the employee is dismissed under subsection (e) and the government is immune under subsection (b). *See id.* §§ 101.106(b), 101.106(e).

Esparza responds on several grounds. First, Esparza asserts that she did not sue the City's employee, Espinoza, because he was not served and did not appear in the case, and thus the trial court never ac-

quired personal jurisdiction over him. Because the trial court did not acquire personal jurisdiction over Espinoza, Esparza contends that he was never a party and that subsection (b) does not apply to her suit. Second, she contends that if her suit was, at least initially, against both the City and Espinoza, then section 101.106(e), and not section 101.106(b), applies to her suit. Finally, she contends that, even if subsection (b) applies to her suit, she falls within a "consent" exception to that provision because her claims against the City fall within the limited waiver of immunity in section 101.021, for claims arising out of a government employee's negligent operation of a motor vehicle. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(1) (West 2011); *id.* § 101.106(b) (barring suit against a governmental unit, when applicable, "unless the governmental unit consents."). Esparza contends that this is all that is necessary to satisfy section 101.106(b)'s "consent" exception.

The City does not challenge Esparza's contention that her claims fall within the scope of section 101.021's limited waiver of immunity for claims involving a government employee's negligent operation of a motor vehicle. Instead, the City responds that "consent" within the meaning of subsection (b) cannot be found within the Tort Claims Act itself, because to do so would render subsection (b) meaningless. The City contends that "consent" must be found in an independent statutory waiver of immunity outside the Act, and no such independent waiver of immunity is pled here. We address the parties' contentions in turn.

## C. Esparza's Claim that She Did Not Sue a Government Employee

 We reject Esparza's contention that she did not sue the City's employee, Espinoza, within the meaning of the elec-

tion-of-remedies provision. Under the plain language of the statute, the bar to suit or recovery against a governmental employer stems from the claimant's "filing of a suit against" its employee, not the trial court's acquiring personal jurisdiction over the employee, and it is triggered "immediately." TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(a), (b). As this Court has previously noted, "the plain language of [sections 101.106(a) and (b)] suggests that the legislature intended for the plaintiff's election to occur when the plaintiff first files suit."[5] *Alexander*, 355 S.W.3d at 713. Thus, when Esparza filed her petition naming Espinoza and the City as defendants, she filed suit against both of them within the meaning of the election-of-remedies provision.

## D. The City's Construction of Section 101.106(b) and Esparza's Alternative Constructions

 The City contends that section 101.106(b) operates as a complete bar to claimants who sue both it and its employees, even if the government has waived its immunity for the type of claim the claimant alleges. Esparza contends that subsection (b) does not bar her suit because it does not apply to her suit or because the government has "consented" to her suit within the meaning of that subsection. For the reasons detailed below, we reject Esparza's contention that alleging facts that fall within the subject matter of one of the Tort Claims Act's waivers of immunity

is, alone, sufficient to establish the government's consent to suit under section 101.106(b), without also showing that a claimant has met the Act's other jurisdictional requirements, including the election-of-remedies provision. But we conclude that Esparza has complied with the jurisdictional requirements of the election-of-remedies provision. She elected her remedy—not by choice, but by operation of the statute. When a claimant fails to elect between defendants and instead sues both, subsection (e) forces an election upon the claimant: the governmental unit is the proper defendant and the employee must be dismissed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e). We therefore reject the City's contention that Esparza's claims against it are barred by section 101.106(b).

### 1. Overview of Section 101.106 of the Tort Claims Act

Since its enactment, there has been considerable litigation over the election-of-remedies provision in the Tort Claims Act, section 101.106. Giving effect to its plain language[6] and its provisions as a whole,[7] section 101.106 operates in two ways with respect to a claimant's filing of suit:

- *Voluntary Election:* A claimant may choose whether to pursue her common law tort claims against a governmental unit or its employees by filing suit against one or the other.

 ○ If the claimant elects to bring common law tort claims against a gov-

---

**5.** A claimant's initial election remains subject to the provisions of the statute itself, which may alter the elected defendant. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(e), (f).

**6.** *See Ojo v. Farmers Group, Inc.*, 356 S.W.3d 421 (Tex.2011) (stating that a statute's text is the best indication of the Legislature's intent); *Fresh Coat, Inc. v. K–2, Inc.*, 318 S.W.3d 893, 901 (Tex.2010) ("Our ultimate purpose when construing statutes is to discover the Legisla-

ture's intent. Presuming that lawmakers intended what they enacted, we begin with the statute's text, relying whenever possible on the plain meaning of the words chosen.") (citations and quotations omitted).

**7.** *See LTTS Charter Sch., Inc. v. C2 Constr., Inc.*, 342 S.W.3d 73 (Tex.2011) ("We thus give unambiguous text its ordinary meaning, aided by the interpretive context provided by 'the surrounding statutory landscape.'").

ernmental unit instead of its employee, 101.106(a) forever bars the claimant's common law tort claims against the employee arising out of the same subject matter.[8]

○ If the claimant elects to bring claims against a government employee instead of his employer, section 101.106(b) forever bars the claimant's common law tort claims against the governmental unit arising out of the same subject matter. Section 101.106(b) also forever bars any other claims against the governmental unit arising out of the same subject matter unless authorized by an independent statute, the jurisdictional requirements of which the claimant has satisfied.[9]

● *Involuntary Election:* If a claimant fails to make an election or, under certain circumstances, if the claimant elects incorrectly, the election-of-remedies provision operates to elect the governmental unit as the party against which she may pursue her claims.

○ If a claimant attempts to bring common law tort claims against both the governmental unit and its employee, on the government's motion,[10] section 101.106(e) forces the claimant to elect the governmental unit as the claimant's chosen defendant, requiring dismissal of the government employee and endowing the employee with immunity under section 101.106(a).

○ If a claimant elects to bring common law tort claims against a government employee instead of his employer, but the employee establishes that his actions were within the scope of his employment and the suit could have been brought against the governmental unit, subsection 101.106(f) allows the claimant to switch her election to the governmental unit *if* she amends her pleadings to dismiss the employee and name the governmental unit as a defendant within thirty days. The government employee then has immunity under section 101.106(a).[11]

**8.** *See Zimmerman v. Anaya,* 2011 WL 1234685, at *2–3 (Tex.App.-Houston [1st Dist.] Mar. 31, 2011, pet. denied) (when claimant originally sued governmental unit and later added employee as defendant, employee was entitled to dismissal under subsection (a)).

**9.** *See Garcia,* 253 S.W.3d at 659–60 (holding that, when subsection (b) applies, it bars any suit brought against a governmental unit unless the governmental unit has consented to suit and that such consent may be found in a statutory waiver of immunity).

**10.** We note that dismissal of a government employee under subsection (e) and immunity under subsection (a) may be dependent upon the governmental unit's decision to file a motion to dismiss the employee. *See Hernandez v. City of Lubbock,* 253 S.W.3d 750, 754–57 (Tex.App.-Amarillo 2007, no pet.) (holding that government employee was not entitled to dismissal under subsection (e) when govern-

ment unit did not file subsection (e) motion but instead sought only summary judgment on basis of governmental immunity). Because the City filed a subsection (e) motion here, we do not reach the issue of what effect, if any, subsection (e) has when the governmental unit does not file such a motion.

**11.** *See Texas Bay Cherry Hill, L.P. v. City of Fort Worth,* 257 S.W.3d 379 (Tex.App.-Fort Worth 2008, no pet.) (affirming dismissal of claims against government employee under subsection (e) when claimant filed tort claims against both governmental unit and its employee); *Davis v. Blankenship,* 2010 WL 5419021, at *1, *3 (Tex.App.-Waco Dec. 29, 2010, no pet.) (when claimant sued employees in both individual and official capacities, trial court dismissed claims against employees in individual capacities under subsection (e) and court of appeals held that employees were entitled to dismissal of claims against them in official capacities on basis of governmental immunity); *see also Kelemen v. Elliott,* 260

If the claimant fails to timely amend, her election to sue the employee stands, giving the governmental unit immunity under (b),[12] and leaving as defendant the employee who, having demonstrated that he acted within the scope of his employment, is entitled to dismissal of the claimant's common law tort claims against him.[13]

See TEX. CIV. PRAC. & REM.CODE ANN. § 101.106; See also Garcia, 253 S.W.3d at 657 ("Under the Tort Claims Act's election scheme, recovery against an individual employee is barred and may be sought against the governmental unit only in three instances: (1) when suit is filed against the governmental unit only, id. § 101.106(a); (2) when suit is filed against both the governmental unit and its employee, id. § 101.106(e); or (3) when suit is filed against an employee whose conduct was within the scope of his or her employment and the suit could have been brought against the governmental unit, id. § 101.106(f).").

**2. Interaction Among Subsections (a), (b), and (e)**

■ We reject the City's contention that subsections (b) and (e) apply without reference to each other when a claimant sues both the government and its employee together, thus requiring the dismissal of both defendants. Instead, the statutory scheme requires that the trial court dismiss the employee upon the governmental unit's motion, leaving the governmental unit to defend suits that otherwise comport with the Tort Claims Act's jurisdictional constraints. This construction is compelled by the statute's plain language and structure and is consistent with the Texas Supreme Court's jurisprudence. See TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(e) ("If suit is filed under this chapter against both a governmental unit and any of its employees ..."); Garcia, 253 S.W.3d at 657 (stating that, under section 101.106, suit may be brought against governmental unit but not its employees in three situations, including "when suit is filed against both the governmental unit and its employee"). If, as the City argues, subsections (a) and (b) apply independently to any suit brought against a governmental unit and its employee simultaneously and mandate dismissal of both the governmental unit and its employee in such cases, then subsection (e), which dictates the dismissal of the employee in such cases, would be superfluous, and its language, which does not mention dismissal of the governmental unit, would be incongruent. See TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(e).

S.W.3d 518, 522–23 (Tex.App.-Houston [1st Dist.] 2008, no pet.) (holding that when claimant brought tort claims against government employee only, though claimant also brought statutory claims against employer only, subsection (e) did not apply because claimant did not bring any tort claims against both governmental unit and its employer).

**12.** See, e.g., Tex. Tech Univ. Health Sci. Ctr. v. Williams, 344 S.W.3d 508, 513–14 (Tex.App.-El Paso 2011, no pet.) ("When a plaintiff decides to amend and substitute under Subsection (f), but fails to do so timely, ... the governmental unit's immunity protections arising from a plaintiff's original election to

file suit against an employee defendant under Subsection (b) remain intact."); Univ. of Tex. Health Sci. Ctr. at San Antonio v. Webber–Eells, 327 S.W.3d 233, 236 (Tex.App.-San Antonio 2010, no pet.) (dismissing claims against governmental unit after claimant failed to comply with procedures in subsection (f)).

**13.** See Franka v. Velasquez, 332 S.W.3d 367, 381 (Tex.2011) (observing that subsection (f), as interpreted by the Court, changed the rule in previous case law that allowed malpractice suits against physicians employed by the government even though they acted within the scope of their employment).

A construction that applies subsection (e) to force an election of the governmental unit as the exclusive defendant in suits like this one accomplishes the Legislature's recognized goals for the statute. The statute forces an election between defendants—whether by the claimant's choice or by operation of the statute—and gives that election "irrevocable consequences." In doing so, section 101.106 eliminates the redundancy and delay associated with alternative theories of liability against a governmental unit and its employee. *Garcia*, 253 S.W.3d at 657; *see Alexander*, 355 S.W.3d at 712. It likewise discourages a claimant from attempting to circumvent the Act by suing a government employee individually, because a claimant who does so is foreclosed from any future recovery against the governmental unit, whether she prevails against the employee or not. *Garcia*, 253 S.W.3d at 657; *see also Alexander*, 355 S.W.3d at 712. Finally, while a claimant who erroneously fails to make an election has an election foisted upon her by operation of the statute, her inartful drafting does not, alone, bar her claims against both the employee and the employer. It is this construction that we adopt in rejecting the City's contention that section 101.106(b) operates as a bar to a suit against it that otherwise comports with the Act's jurisdictional constraints. Because our sister court has adopted Esparza's alternative interpretation—a broad "consent" exception—in rejecting the City's argument, we next discuss its statutory implications.

### 3. Consent to Suit Under Subsection 101.106(b)

Subsection 101.106(b) of the Tort Claims Act is qualified by a "consent" exception: when applicable, subsection (b) bars suit against a governmental unit "unless the governmental unit consents." *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(b). Unlike some of our sister courts, we do not read this exception as creating a blanket waiver of the very immunity established by subsection (b). *Cf., e.g.*, *Amadi v. City of Houston*, 369 S.W.3d 254, 259–60 (Tex.App.-Houston [14th Dist.] 2011, pet. filed) (op. on reh'g en banc); *Barnum v. Ngakoue*, No. 03–09–00086–CV, 2011 WL 1642179, at *11 (Tex.App.-Austin April 29, 2011, pet. filed); *City of N. Richland Hills v. Friend*, 337 S.W.3d 387, 392–93 (Tex.App.-Fort Worth 2011, pet. filed). Rather, subsection (b)'s "consent" exception permits a claimant to bring suit against a governmental unit only if the claimant has complied with all of the authorizing statute's jurisdictional requirements for bringing suit. *See Garcia*, 253 S.W.3d at 660 ("[T]he Legislature, on behalf of [the school district], has consented to suits brought under the TCHRA, provided the procedures outlined in the statute have been met.") For claims brought under the Tort Claims Act, the claimant must meet all of the Act's jurisdictional constraints.[14]

By its plain language and very nature,[15] the election-of-remedies provision

---

14. By comparison, for claims brought under other statutes, such as the Texas Commission on Human Rights Act (TCHRA), the claimant must meet all of the jurisdictional constraints of that act, which may or may not require an election between suing a governmental unit or its employees. *See Garcia*, 253 S.W.3d at 660.

15. Our Legislature is tasked with "weigh[ing] the conflicting public policies associated with waiving immunity," which expose the government to "liability that may hamper governmental functions by shifting tax resources away from their intended purposes toward defending lawsuits and paying judgments." *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 854 (Tex.2002). The Legislature has determined that the common

is such a jurisdictional constraint. *See Franka v. Velasquez*, 332 S.W.3d 367, 371 n. 9 (Tex.2011); *Univ. of Tex. Health Sci. Ctr. at San Antonio v. Webber–Eells*, 327 S.W.3d 233, 239–240 (Tex.App.-San Antonio 2010, no pet.) (observing that, although it has procedural aspects, section 101.106 is jurisdictional in nature). Although the Act waives immunity for certain claims,[16] the election-of-remedies provision expressly confers immunity on the un-elected defendant for all claims brought under the Act, regardless of whether the Act otherwise waives immunity for the sorts of claims at issue. *See Garcia*, 253 S.W.3d at 659–60 (noting that, when applicable, 101.106(b) bars claims outside of the Tort Claims Act, "not just suits for which the [Act] waives immunity or those that allege common law claims."); *see also Franka*, 332 S.W.3d at 371 n. 9 (describing the character of the election-of-remedies provision as "conferring immunity"). Once a claimant has made an election under the statute—whether voluntarily or by operation of the statute—the claimant may never satisfy the Act's jurisdictional prerequisites for bringing suit against the un-elected defendant.

██ We recognize that this construction of the "consent" exception may conflict with the analysis in recent cases out of the Fort Worth, Houston Fourteenth and Austin Courts of Appeals. *See Friend*, 337 S.W.3d at 392–93; *City of Houston v. Johnson*, No. 14–11–00220–CV, 2011 WL 3207964, at *2 (Tex.App.-Houston [14th Dist.] July 28, 2011, no pet. h.); *City of Houston v. Cooper*, No. 14–11–00092–CV, 2011 WL 3207958, at *2 (Tex.App.-Houston [14th Dist.] July 28, 2011, no pet. h.); *City of Houston v. Rodriguez*, 369 S.W.3d 262, 266–67 (Tex.App.-Houston [14th Dist.] 2011, pet. filed) (op. on reh'g); *Amadi*, 369 S.W.3d at 259–61; *Barnum*, 2011 WL 1642179, at *10–12. Relying on the Texas Supreme Court's opinion in *Garcia*, these courts have relied exclusively on the Tort Claims Act's waivers of immunity for particular kinds of claims—claims arising out of the negligent operation of a motor-vehicle,[17] premise defects,[18] or the condition or use of tangible personal or real property[19] —to hold that the government "consents" to suit in those kinds of cases, without reference to whether the claimant has complied with the Act's other jurisdictional requirements. *See Friend*, 337 S.W.3d at 392–97 (finding consent as to claim pled within a limited waiver of immunity but not those outside the limited waivers);

---

practice of tort claimants to prosecute their claims against both a governmental unit and its employee individually on alternative theories of liability resulted in duplicative litigation expenses, which was burdensome for public employees and not the highest and best use of tax dollars. *See Garcia*, 253 S.W.3d at 657. When previous efforts to address this issue did not eliminate the problem, the Legislature enacted the election-of-remedies provision, which forces a claimant to decide at the outset whether to pursue the governmental employer or the employee in his individual capacity and makes that decision irrevocable. *Id.* Under the statute, the effect of a claimant's choice (whether made intentionally or by operation of the statute) is immunity for the other party. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.106; *see also Newman v. Oberstel-*

*ler*, 960 S.W.2d 621, 622 (Tex.1997); *Webber–Eells*, 327 S.W.3d at 239–240.

16. Tex. Civ. Prac. & Rem.Code Ann. §§ 101.021(1) (waiving immunity for certain claims arising out of negligent operation or use of motor-driven vehicle or equipment); 101.021(2) (waiving immunity for certain claims arising out of condition or use of tangible property); 101.022 (waiving immunity for certain claims arising out of premises defects).

17. *Id.* § 101.021(1).

18. *Id.* § 101.022.

19. *Id.* § 101.021(2).

*Johnson,* 2011 WL 3207964, at *2 (holding that city consented to claims based on negligent operation of motor-driven vehicle); *Cooper,* 2011 WL 3207958, at *2 (same); *Rodriguez,* 369 S.W.3d at 266–67 (same); *Amadi,* 369 S.W.3d at 257–59 (same); *Barnum,* 2011 WL 1642179, at *10–12 (same). We disagree that these limited waivers of immunity, alone, establish a government's consent to suit.

■ First, we do not read *Garcia* as holding that the "consent" exception in subsection (b) is nonetheless satisfied even absent compliance with all of the jurisdictional requirements of the Tort Claims Act or some independent statutory waiver of immunity. The *Garcia* Court stated its holding on "consent" in these words: [T]he Legislature, on behalf of [the school district], "has consented to suits brought under the TCHRA, *provided the procedures outlined in the statute have been met." Garcia,* 253 S.W.3d at 660 (emphasis added). Like the TCHRA, the Tort Claims Act prescribes certain procedures with which a claimant must comply in order to fall within the Act's waivers of immunity. *E.g.,* TEX. CIV. PRAC. & REM. CODE ANN. § 101.101 (West 2011) (prescribing a pre-suit notice requirement). A claimant who fails to comply with the Act's jurisdictional requirements falls outside the Act's limited waivers of immunity, regardless of whether the claim is one for which immunity is otherwise waived under the Act. *See Univ. of Tex. Sw. Med. Ctr. at Dallas v. Estate of Arancibia ex rel. Vasquez–Arancibia,* 324 S.W.3d 544, 546 (Tex.2010) ("The Texas Tort Claims Act waives immunity from suit 'to the extent of liability created by [the Act].' To take advantage of this waiver, the plaintiff must notify the government of a claim within six months.") (citations omitted); *see also* TEX. GOV'T CODE ANN. § 31.034 (West Supp. 2010) ("Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity."). The election-of-remedies provision is such a jurisdictional requirement.

Second, if the Tort Claims Act's limited waivers of immunity constituted "consent" in and of themselves, as some courts of appeals have indicated, then the "consent" exception appears to swallow the rule entirely. *Cf. Franka,* 332 S.W.3d at 393 ("Statutory language should not be read as pointless if it is reasonably susceptible to another construction."). The Austin Court of Appeals recognized this problem: "[T]his construction of the term 'consents' in subsection 101.106(b) seems to eliminate any real effect to the provision because plaintiffs have always been prohibited from suing governmental employers when immunity has not been waived. Stated differently, subsection 101.106(b) only bars subsequent suits against governmental employers that were already barred through the doctrine of sovereign immunity." *Barnum,* 2011 WL 1642179, at *10.

*Barnum* itself demonstrates the problematic effect of a construction of section 101.106(b) that finds "consent" in the Act's limited waivers of immunity alone. In that case, Ngakoue elected to sue a government employee, Barnum, after they were involved in a car accident. *Id.* at *2. Barnum filed a motion for dismissal under section 101.106(f), demonstrating that he was acting within the scope of his employment with the Texas Adjutant General's Office (AGO) at the time of the accident. *Id.; see* TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(f). Ngakoue failed to timely amend his pleadings under subsection (f), as required to treat Ngakoue's suit as an election to sue the AGO, rather than Barnum, under that subsection. *Barnum,* 2011 WL 1642179, at *6. Under our construction of the election-of-remedies provi-

sion, the result would be that Ngakoue's election to sue Barnum would stand, such that the AGO would be immune under subsection (b). Under the construction adopted by the Austin Court of Appeals and others, subsection (b) did not bar Ngakoue's claims against the AGO, even though Ngakoue failed to comply with the procedures of subsection (f) because he did not timely amend his pleadings to sue the AGO and dismiss Barnum. *Id.* at *11. Instead, the court held that, because those claims fell within the Tort Claims Act's limited waiver of immunity for negligent operation of a motor-vehicle, the AGO had "consented" to the suit against it. *Id.* Under that construction, a claimant has no incentive to comply with subsection (f)'s procedures—whether he complies or does not comply, the outcome will be that an employee is dismissed, but the claimant may still bring claims against the governmental unit. *See id.*

Similarly, if the Act's limited waivers of immunity were, alone, sufficient to constitute "consent" to suit under section 101.106(b), a car-accident claimant could avoid electing between defendants by first suing the government employee individually and then suing the employer if she were unsuccessful in obtaining a judgment against the employee. This result neither discourages claimants from suing government employees in an effort to circumvent the restrictions of the Act nor "reduc[es] the resources that the government and its employees must use in defending redundant litigation and alternative theories of recovery." *Garcia,* 253 S.W.3d at 657

(identifying the legislative purposes of the election-of-remedies provision); *see also Barnum,* 2011 WL 1642179, at *11; *Alexander,* 355 S.W.3d at 713.

■■■■ By contrast, under our construction of the election-of-remedies provision, subsections (a) and (b) operate as mirror provisions with respect to claims brought under the Act. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(a), (b); *see also Alexander,* 355 S.W.3d at 713 (describing subsection (b) as a "parallel provision" to subsection (a)); *cf. Barnum,* 2011 WL 1642179, at *11 (noting that subsections (a) and (b), like subsections (c) and (d), are "mirror provision[s]" evidencing an intent to prevent a claimant from suing or recovering against either a governmental employer or its employee and then subsequently suing or recovering against the other). Specifically, once a claimant elects to sue a governmental unit instead of its employee, subsection (a) immediately and forever bars the claimant from bringing common law tort claims regarding that subject matter against its employees. *See Kamel v. Univ. of Tex. Health Ctr.,* 333 S.W.3d 676, 688 (Tex.App.-Houston [1st Dist.] 2010, pet. denied); *Hintz v. Lally,* 305 S.W.3d 761, 771 (Tex.App.-Houston [14th Dist.] 2009, pet. denied). Concordantly, under our construction of subsection (b), once a claimant elects to sue a government employee instead of its governmental employer,[20] subsection (b) immediately and forever bars the claimant from bringing common law tort claims regarding that subject matter against the employer.[21]

---

20. This election may be subject to the effect of subsection (f), where it applies.

21. While subsection (a) applies only to claims brought under the Tort Claims Act, subsection (b) applies to all suits against a governmental unit, including claims outside the Act. *See Garcia,* 253 S.W.3d at 659; *Franka,* 332

S.W.3d at 378. With respect to claims outside the Act, application of the bar depends on whether the claimant has satisfied the jurisdictional requirements of the statutory waiver of immunity under which the claimant asserts her claims. The election-of-remedies provision thus precludes a claimant from proceeding against both a governmental unit and

Our construction of section 101.106(b) is consistent with previous decisions issued by the San Antonio, El Paso, Corpus Christi, and Waco Courts of Appeals. *See Tex. Tech Univ. Health Sci. Ctr. v. Williams,* 344 S.W.3d 508, 513–14 (Tex. App.-El Paso 2011, no pet.); *Webber–Eells,* 327 S.W.3d at 236; *Huntsville Indep. Sch. Dist. v. Briggs,* 262 S.W.3d 390, 394 (Tex. App.-Waco 2008, pet. denied); *Tex. Dept. of Agri. v. Calderon,* 221 S.W.3d 918, 924 (Tex.App.-Corpus Christi 2007, no pet.), *disapproved of on other grounds by Franka v. Velasquez,* 332 S.W.3d 367 (Tex. 2011). In these cases, courts of appeals applied section 101.106(b) to bar common law tort claims against a governmental unit when the claimant brought claims regarding the same subject matter against a government employee and failed to comply with section 101.106(f)'s procedures for dismissing the employee and suing the governmental unit, even though the claims were pled as falling within the Act's limited waivers of immunity. *See Williams,* 344 S.W.3d at 514 (dismissing claims against governmental employer based on alleged negligent operation of motor vehicle); *Webber–Eells,* 327 S.W.3d at 236 (dismissing claims against governmental employer based on alleged misuse of tangible property); *Briggs,* 262 S.W.3d at 394 (dismissing claims against governmental employer based on alleged negligent operation of motor vehicle); *Calderon,* 221 S.W.3d at 924 (dismissing claims against governmental employer based on alleged negligent operation of motor vehicle).

■■■■■ For these reasons, we conclude that a claimant may find "consent" to suit within the Tort Claims Act's limited waivers of immunity only if the claimant has satisfied the Act's other jurisdictional requirements, including those set forth in the election-of-remedies provision. A claimant satisfies the provision by electing—voluntarily or involuntarily—whether she will prosecute her claims against a governmental unit or its employee, forever forgoing prosecution against the other.

### 4. Application of the Election–of–Remedies Provision to Esparza's Claims Against the City

■■■■■ Under section 101.106, Esparza's filing of suit against both Espinoza and the City invoked subsection (e). *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(e). By operation of subsection (e), Esparza's filing of suit and the City's motion to dismiss Espinoza resulted in a forced election: whether she intended to or not, Esparza elected to pursue her claims against the City rather than Espinoza. *Id.; see also Garcia,* 253 S.W.3d at 657 ("recovery against an individual employee is barred and may be sought against the governmental unit only . . . when suit is filed against both the governmental unit and its employee, [TEX. CIV. PRAC. & REM.CODE ANN.] § 101.106(e)"). The trial court therefore properly dismissed her claims against Espinoza, and she is forever barred from bringing common law tort claims against him arising out the accident at issue here. *Id.* § 101.106(a), (e). But, so long as she has otherwise complied with the jurisdictional requisites of the Tort Claims Act,[22] subsec-

its employee under the Act but does not bar a claimant from proceeding against both a governmental unit and its employee pursuant to waivers of immunity in other statutes that do not require an election between defendants. *See Garcia,* 253 S.W.3d at 660 (holding that claims under TCHRA were not barred by sec-

tion 101.106(b) as long as claimant complied with its procedures for bringing suit).

**22.** The City does not challenge Esparza's compliance with any of the Tort Claims Act's jurisdictional requirements other than the election-of-remedies provision.

tion (b) does not bar Esparza from pursuing her claims against the City, her elected defendant. *See id.* § 101.106(b), (e).

## Conclusion

We hold that the trial court properly denied the City's plea to the jurisdiction under section 101.106(b) of the Tort Claims Act. We therefore affirm the trial court's order.