Opinion issued December 8, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00493-CV

———————————

City of Houston, Appellant

V.

Francisco
Eduardo Marquez and Edna Arvizu Marquez, Each individually, and as representatives
of the estate of Rene Marquez, deceased, and Francisco Marquez, Jr., Appellees



 



 

On Appeal from the 152nd District Court

Harris County, Texas



Trial Court Case No. 2009-76324

 



 

MEMORANDUM OPINION

          In
this fatal car wreck case, the City of Houston brings an accelerated appeal
from the trial court’s denial of its plea to the jurisdiction.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 51.014(a)(8) (West 2008) (permitting appeal from interlocutory
order).  The City argues that it was
entitled to dismissal from the suit under the election-of-remedies section of
the Tort Claims Act.  See id.
§ 101.106 (West 2011).  Because the
outcome is controlled by this court’s recent opinion in City of Houston v. Esparza, we affirm.  See
City of Houston v. Esparza, No.
01-11-00046-CV, 2011 WL 4925990 (Tex. App.—Houston [1st Dist.] Oct. 7, 2011, no
pet. h.) (op. on rehearing).

Background

          Brothers Rene Marquez and Francisco
Marquez, Jr. were passengers in a Chevrolet Suburban when it was struck by a
police car driven by Houston Police Department Officer C. G. Dexter.  Rene died several hours later, and Francisco
suffered numerous injuries.

          On multiple occasions, the attorney
for the Marquez family attempted to obtain information about the collision from
the Houston Police Department and the City of Houston.  According to the attorney’s sworn affidavit,
HPD and the City refused his requests or gave him only limited information.  Approximately three months after the
incident, HPD provided a “Public Release Information” report to the Marquez
family’s attorney.  In the report,
“DEXTER” was listed along with the Marquez brothers as “COMPLAINANT(S),”
although the report did not reflect Officer Dexter’s status as a police
officer.  The only person identified in
the report as a police officer was “A ALANIZ JR.”  The Marquez family’s attorney believed that
“DEXTER” was a third party involved in the collision.

          Approximately three months after
obtaining the “Public Release Information” report, the Marquez family—namely, Francisco Marquez and Edna
Marquez individually and as representatives of Rene Marquez’s estate, and
Francisco Marquez, Jr.—filed their original petition naming the City and
Officer Alaniz as defendants.  The
petition alleged that Officer Alaniz had been driving the police car.  Against the City, the Marquez family alleged
vicarious liability for the officer’s negligence under the Tort Claims
Act.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 101.021 (West 2011).  The City
answered the Marquez family’s petition. 
Officer Alaniz, though served with the petition, never appeared in
connection with the litigation.

Ten days after filing its original answer, the City moved to
dismiss Officer Alaniz from the suit pursuant to subsection 101.106(e) of the
Civil Practice and Remedies Code, which provides that a governmental unit that
is sued under the Tort Claims Act along with its employee may move to dismiss
the employee.  See Tex. Civ. Prac. &
Rem. Code Ann. § 101.106(e). 
Through a sworn affidavit, the Marquez family’s attorney stated that the
City told him that if they amended their petition to dismiss Officer Alaniz
from the lawsuit, the City would not seek its own dismissal.  After that conversation, the Marquez family
filed an amended petition naming only the City as a defendant, thereby
non-suiting Officer Alaniz.  The trial
court never ruled on the City’s motion under subsection 101.106(e) to dismiss
Officer Alaniz.

          More than one year after the Marquez
family had filed their original petition, the City filed a plea to the
jurisdiction, asserting immunity from suit under subsection 101.106(b),
which provides that the filing of a suit against any employee of a governmental
unit constitutes an irrevocable election and “forever bars any suit or recovery
by the plaintiff against the governmental unit regarding the same subject
matter unless the governmental unit consents.” 
Tex. Civ. Prac. & Rem. Code
Ann. § 101.106(b).  The City
argued that Section 101.106’s provisions force a plaintiff to sue either a
governmental unit or its employee, and that if a plaintiff sues both, Section
101.106 effectively confers immunity from suit on the governmental unit.  The Marquez family argued that only
subsection (e) applies when a plaintiff sues both a governmental unit and its
employee, and that the Tort Claims Act otherwise permits the suit to continue
against the governmental unit after dismissal of the employee.

At first, the trial court sustained the City’s plea and
dismissed the Marquez family’s claims for want of jurisdiction.  The Marquez family filed a motion for new
trial, reiterating their legal arguments. 
Following this motion, the trial court entered an order that denied the
City’s plea to the jurisdiction and granted a new trial, in effect superseding
its prior order.  The City filed an
interlocutory appeal to challenge the trial court’s order denying its plea to
the jurisdiction.

Analysis

Governmental immunity from suit
defeats a trial court’s subject matter jurisdiction and is properly asserted in
a plea to the jurisdiction.  See Tex. Dep’t of Parks & Wildlife v.
Miranda, 133 S.W.3d 217, 225–26 (Tex. 2004); Tex. Dep’t of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999).  We review de novo a trial court’s ruling on a
jurisdictional plea.  See Miranda, 133 S.W.3d at 226.

In its sole issue, the City argues
that the trial court erred in denying its plea to the jurisdiction because when
the Marquez family simultaneously filed suit against both the City and Officer
Alaniz, they triggered the City’s immunity from suit under subsection
101.106(b) of the Tort Claims Act.  The Tort Claims Act’s
election-of-remedies provision provides, in relevant part,

(b)     The filing of a suit
against any employee of a governmental unit constitutes an irrevocable election
by the plaintiff and immediately and forever bars any suit or recovery by the
plaintiff against the governmental unit regarding the same subject matter
unless the governmental unit consents.

. . .

(e)      If a suit is filed under
this chapter against both a governmental unit and any of its employees, the
employees shall immediately be dismissed on the filing of a motion by the
governmental unit.

Tex. Civ. Prac. & Rem. Code Ann. § 101.106.  The Marquez
family argues that the Tort Claims Act itself constitutes legislative “consent”
to the lawsuit on behalf of the City, as that word is used in subsection
101.106(b), and that the City’s construction of the election-of-remedies
provision would render it a trap for plaintiffs who may not know at the outset
of litigation whether a governmental unit or its employee is the more viable
defendant.

This court analyzed the election-of-remedies provision in
substantially the same procedural setting in City of Houston v. Esparza.  In Esparza,
the plaintiff sued the City and its employee, alleging that the employee
injured her while driving negligently.  2011
WL 4925990 at *1.  The City moved to
dismiss Esparza’s claims against its employee pursuant to subsection
101.106(e).  Id.  It also filed a plea to
the jurisdiction, asserting that Esparza’s claims against the City were barred
by subsection 101.106(b).  Id. 
The trial court granted the motion to dismiss the employee, but it
denied the City’s plea to the jurisdiction. 
Id.

          On appeal, this court construed
subsection (b) to allow a plaintiff to prosecute a claim against a governmental
unit when the governmental unit “consents” to the suit, and that the plaintiff
obtains “consent,” as that term is used in the statute, when it satisfies the
Tort Claims Act’s jurisdictional requirements. 
Id. at *7.  Section 101.106 establishes as a
jurisdictional requirement that the plaintiff must elect to sue either the
governmental unit or its employee.  Id. at *10.  “When a claimant fails to elect between
defendants and instead sues both, subsection (e) forces an election upon the
claimant: the governmental unit is the proper defendant and the employee must
be dismissed.”  Id. at *4.  This court
concluded:

By operation of subsection (e), Esparza’s filing of suit and the City’s
motion to dismiss [the employee] resulted in a forced election: whether she
intended to or not, Esparza elected to pursue her claims against the City
rather than [the employee]. . . . But, so long as she has otherwise
complied with the jurisdictional requisites of the Tort Claims Act, subsection
(b) does not bar Esparza from pursuing her claims against the City, her elected
defendant.”

Id. at *10 (footnote omitted).  This court thus affirmed the trial court’s
order denying the City’s plea to the jurisdiction.  Id.

          The procedural setting in Esparza differs from the present case
only insofar as the City obtained a favorable ruling on its motion under
subsection (e) to dismiss its employee. 
In the present case, however, the trial court did not rule on the City’s
motion to dismiss Officer Alaniz pursuant to subsection (e), because the
Marquez family non-suited Officer Alaniz first. 
As effectively conceded by the City in supplemental briefing to this
court, this procedural distinction makes no difference to our outcome based on
the forced-election analysis of Esparza.  See id.
at *10 (“A claimant satisfies the provision by electing—voluntarily or
involuntarily—whether she will prosecute her claims against a governmental unit
or its employee . . . .”). 
Following this
court’s reasoning in Esparza, we hold
that because the Marquez family has otherwise complied with the jurisdictional
requisites of the Tort Claims Act, they are not barred by Section 101.106 from
pursuing their claims against the City, their elected defendant.  Id.

          We overrule the City’s sole issue.

Conclusion

          We
affirm the trial court’s order denying the City’s plea to the jurisdiction.

 

 

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel consists of Justices Keyes, Higley, and
Massengale.