Concurring opinion issued December 29, 2011


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00034-CV

———————————

The CITY Of houston, Appellant

V.

JESSICA GUNN, Appellee



 



 

On Appeal from the 113th District Court

Harris County, Texas



Trial Court Case No. 2009-58443

 



 

CONCURRING OPINION

          I
concur in the judgment.  The result is
controlled by the forced-election analysis of this court’s recent decision in City of Houston v. Esparza, No. 01-11-00046-CV,
2011 WL 4925990 (Tex. App.—Houston [1st Dist.] Oct. 7, 2011, no pet. h.).  That opinion explained that when a tort
claimant files suit against both a governmental unit and its employee, the
election-of-remedies provision of the Tort Claims Act, Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e), is
automatically invoked, and that statute forces an immediate election of the
governmental unit, rather than the employee, as the defendant in the
lawsuit.  See Esparza, 2011 WL 4925990, at *10.

Although
the tort claimant in this case also filed her suit against both a governmental
unit and its employee, resulting in the forced election described in Esparza, the panel majority
characterizes the claimant’s subsequent decision to voluntarily dismiss the
claim against the individual employee defendant as “a critical procedural
distinction” from Mission Consol. Indep.
Sch. Dist. v. Garcia, 253 S.W.3d 653 (Tex. 2008).  The majority further relies on that decision
as having the “same irrevocable consequence as a subsection (e) motion” and
holds that “Gunn is immediately and forever barred by subsection (a) from
bringing common law tort claims against Rogers arising from the car
wreck.”  This superfluous analysis is
inconsistent with the forced election explained in Esparza, which takes place at the time a suit is filed against a
governmental unit and its employee.  The
claimant’s subsequent decision to nonsuit the employee (as opposed to waiting
for a motion to dismiss the employee pursuant to subsection (e)) is irrelevant
to the analysis.

Accordingly, I concur in the judgment, but I
respectfully decline to join in the panel majority’s opinion.

 

                                                                    Michael Massengale

                                                                   Justice 

 

Panel consists of Justices Keyes, Higley, and Massengale.

Justice
Massengale, concurring.