Opinion issued March 29, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00524-CV

———————————

The City of Houston, Appellant

V.

Theodore
Gwinn, Appellee



 



 

On Appeal from the 113th District Court

Harris County, Texas



Trial Court Case No. 2009-63582

 



 

MEMORANDUM
OPINION

          Following
a jury trial, Theodore Gwinn sought and obtained a money judgment against the
City of Houston for damages arising from a car wreck involving one of the
City’s employees.  The City argues in its
sole issue that the trial court erred when it denied a plea to the jurisdiction
invoking the election-of-remedies section of the Tort Claims Act.  See
Tex. Civ. Prac.
& Rem. Code. Ann. § 101.106 (West 2011).  Because the outcome is controlled by this
court’s recent opinion in City of Houston
v. Esparza, No. 01-11-00046-CV, 2011 WL 4925990 (Tex. App.—Houston [1st
Dist.] Oct. 7, 2011, pet. filed)
(op. on rehearing), we affirm.

Background

          Gwinn was driving his car one
afternoon near Washington Avenue, west of downtown Houston.  City employee Bill White, while operating a
garbage truck, turned right at an intersection into Gwinn’s lane and struck
Gwinn’s car.  The accident left Gwinn’s
car “totaled.”  Reporting that he felt
dizziness, Gwinn was transported from the scene to Ben Taub
hospital, and he subsequently visited a chiropractor for multiple treatments.  The Houston Police Department’s accident
report shows that White was given a citation for having “turned improperly—wide right.”

          In his original petition, Gwinn sued
White for negligence and negligence per se, and in that same petition he sued
the City on the theory of respondeat superior and for
negligent entrustment of a motor vehicle. 
About two weeks before trial, Gwinn filed a notice of non-suit with
prejudice as to White, thereby leaving the City as the only defendant at trial.

On the first day of trial, the City made an oral plea to the
jurisdiction, asserting immunity from suit under the election-of-remedies
section of the Tort Claims Act.  The
court orally denied the plea, and it signed an order to that effect on the
second day of trial.

The jury found that the negligence of both White and Gwinn
proximately caused the collision, attributing 90% of the responsibility to
White and 10% to Gwinn.  It further found
that Gwinn had sustained a total of $9,000 in damages for physical pain and
mental anguish, physical impairment, and medical expenses.  The trial court entered a final judgment in
favor of Gwinn against the City for $8,100, plus interest and court costs.  The City appeals.

Analysis

In its sole issue, the City argues that the trial court erred
in denying its plea to the jurisdiction because when Gwinn simultaneously filed
suit against both the City and White, Gwinn triggered the City’s immunity from
suit under section 101.106(b) of the Texas Tort Claims Act.  See Tex. Civ. Prac.
& Rem. Code. Ann. § 101.106(b).  The Act’s election-of-remedies
provision provides, in relevant part,

(b) The filing of a suit against any employee of a governmental unit
constitutes an irrevocable election by the plaintiff and immediately and
forever bars any suit or recovery by the plaintiff against the governmental
unit regarding the same subject matter unless the governmental unit consents.

. . .

(e) If a suit is filed under this chapter against both a
governmental unit and any of its employees, the employees shall immediately be
dismissed on the filing of a motion by the governmental unit.

Tex. Civ. Prac. & Rem.
Code Ann. § 101.106(b),
(e).  Gwinn argues that this court
addressed and rejected the same argument in Esparza.  See City of Houston v. Esparza, No. 01-11-00046-CV, 2011 WL 4925990, at *10
(Tex. App.—Houston [1st Dist.] Oct. 7, 2011, pet. filed) (op. on rehearing).

Governmental immunity from suit defeats a trial court’s
subject matter jurisdiction and is properly asserted in a plea to the
jurisdiction.  See Tex. Dep’t of Parks &
Wildlife v. Miranda, 133 S.W.3d 217, 225–26 (Tex. 2004); Tex. Dep’t of Transp. v. Jones, 8 S.W.3d
636, 638 (Tex. 1999).  We review de novo
a trial court’s ruling on a jurisdictional plea.  See
Miranda, 133 S.W.3d at 226.

In Esparza, the
plaintiff sued the City and its employee, alleging that the employee injured
her while driving negligently.  Esparza, 2011 WL 4925990
at *1.  The City moved to dismiss
Esparza’s claims against its employee pursuant to section 101.106(e).  Id.  It also filed a plea to the jurisdiction,
asserting that Esparza’s claims against the City were barred by section
101.106(b).  Id.  The trial court granted
the motion to dismiss the employee, but it denied the City’s plea to the
jurisdiction.  Id.

On appeal, this court examined the effect of subsection (b),
which allows a plaintiff to prosecute a claim against a governmental unit when
the governmental unit “consents” to the suit. 
Id. at *7.
 The plaintiff obtains “consent,” as that
term is used in the statute, when it satisfies the Tort Claims Act’s
jurisdictional requirements.  Id.  Section 101.106 establishes as a
jurisdictional requirement that the plaintiff must elect to sue either the
governmental unit or its employee.  Id. at *10.  “When a claimant fails to elect between
defendants and instead sues both, subsection (e) forces an election upon
the claimant: the governmental unit is the proper defendant and the employee must
be dismissed.”  Id. at *4.  This court concluded:

By operation of subsection (e), Esparza’s filing of suit and the
City’s motion to dismiss [the employee] resulted in a forced election: whether
she intended to or not, Esparza elected to pursue her claims against the City
rather than [the employee] . . . .  But, so long as she has otherwise complied
with the jurisdictional requisites of the Tort Claims Act, subsection (b)
does not bar Esparza from pursuing her claims against the City, her elected defendant.

Id. at *10 (footnote omitted).  This court thus affirmed the trial court’s
order denying the City’s plea to the jurisdiction.  Id.

The procedural posture of Esparza
differs from the present case only insofar as the City in Esparza obtained a favorable ruling on its motion under
subsection (e) to dismiss its employee.  See id.
at *1.  In this
case, by contrast, Gwinn non-suited White, and the City never moved to dismiss
its employee.  This procedural distinction
makes no difference to the outcome because a claimant satisfies the provision
by electing—voluntarily or involuntarily—whether he will prosecute his claims
against the governmental unit or its employee. 
See id. at
*10.  As reflected by numerous cases
decided by this court since Esparza,
a plaintiff’s voluntary dismissal of claims against a government employee does
not alter the jurisdictional analysis.  See, e.g., Metro. Transit Authority v. Light, No. 01-11-00747-CV, 2012 WL 252187 (Tex.
App.—Houston [1st Dist.] Jan. 26, 2012, no
pet.) (mem. op.); Metro. Transit Auth. of Harris Cnty. v. Baltazar, No. 01-11-00641-CV, 2012 WL 252153 (Tex.
App.—Houston [1st Dist.] Jan. 26, 2012, no pet.) (mem. op.).  The forced election under
section 101.106(e) occurs at the time suit is filed against both the
governmental unit and its employee.  See, e.g., City of Houston v. Tsaig,
No. 01-11-00432-CV, 2012 WL 170606, at *3 (Tex. App.—Houston [1st Dist.]
Jan. 19, 2012, no pet.) (mem. op.); City of
Houston v. Marquez, No. 01-11-00493-CV, 2011 WL 6147772, at *3 (Tex.
App.—Houston [1st Dist.] Dec. 8, 2011, no pet.)
(mem. op.).  Following this court’s reasoning in Esparza, we hold that because Gwinn has
otherwise complied with the jurisdictional requisites of the Tort Claims Act, he
was not barred by Section 101.106 from pursuing his claim against the
City, his elected defendant.  See Esparza, 2011 WL 4925990 at *10.

We overrule the City’s sole issue.

Conclusion

          We
affirm the judgment of the trial court.

 

 

 

                                                                      Michael
Massengale

                                                                      Justice


 

Panel consists of Justices Jennings, Massengale, and
Huddle.