Opinion issued May 22, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00196-CV

———————————

The CITY Of houston, Appellant

V.

SAN JUANA
RODRIGUEZ INDIVIDUALLY AND AS NEXT FRIEND OF JUAN RODRIGUEZ, Appellee



 



 

On Appeal from the County Court at Law
Number 4

Harris County, Texas



Trial Court Case No. 979,692

 



 

CONCURRING OPINION

          This
Court has already decided the issue presented in this case: whether the Tort Claims Act’s election-of-remedies
provision bars a plaintiff’s tort claims against a governmental unit when the
plaintiff initially sued both the governmental unit and its employee.See City of Houston v. Esparza, No. 01–11–00046–CV, 2011 WL 4925990,
at *5–10(Tex. App.—Houston [1stDist.] Oct. 7, 2011, pet. filed).[1]I would follow this Court’s
controlling precedent and affirm the trial court’s denial of the city’s plea to
the jurisdiction.

          I
therefore concur in the Court’s opinion.

 

                                                                    Harvey Brown

                                                                   Justice 

 

Panel consists of Justices Jennings, Sharp, and Brown.

Justice Brown, concurring.











[1]           Since
its issuance, this Court has consistently followed Esparza.See, e.g.,City of Houston v.
Gwinn, No. 01-11-00524-CV,
2012 WL 1068591, at *1–2 (Tex. App.—Houston
[1st Dist.] Mar. 29, 2012, no. pet. h.) (mem. op.) (following Esparza); Metro. Transit Auth. v.
Light, No. 01-11-00747-CV, 2012 WL 252187, at *1–2 (Tex. App.—Houston [1st Dist.] Jan.
26, 2012, no pet.) (mem. op.) (same); City of Houston v. Tsaig, No.
01-11-00432-CV, 2012 WL 170606, at *2–3
(Tex. App.—Houston [1st Dist.] Jan. 19, 2012, no pet.) (mem. op.) (same); Tex.
Dep’t of Aging & Disability Servs. v. Johnson, No. 01-11-00526-CV, 2012
WL 27728, at *2 (Tex. App.—Houston [1st Dist.] Jan. 5, 2012, no pet.) (mem.
op.) (same); City of Houston v. Marquez, No. 01-11-00493-CV, 2011 WL
6147772, at *2–3 (Tex. App.—Houston
[1st Dist.] Dec. 8, 2011, no pet.)(mem. op.) (same); City of Houston v.
McClain, No. 01-11-00194-CV, 2011 WL 6015697, at *2–3 (Tex. App.—Houston [1st Dist.] Dec.
1, 2011, pet. filed) (mem. op.) (same); City of Houston v. San Miguel, No. 01–10–01071–CV, 2011 WL
5429048, at *2–3 (Tex. App.—Houston [1st Dist.] Nov. 10, 2011, no. pet. h.) (mem.
op.) (same). Several other courts of appeals have also followed Esparza. See, e.g., Tex. Tech Univ. Health Scis. Ctr. v. Villagran,
No. 07-11-0257-CV, 2012 WL 967366, at *7 (Tex. App.—Amarillo Mar. 22, 2012, no.
pet. h.); Tex. Dep’t of Pub. Safety, No. 04-11-00271-CV, 2012 WL 726916,
at *4–7 (Tex. App.—San Antonio March 7, 2012, no pet. h.).