Opinion issued November
10, 2011


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of Appeals

For The

First District of Texas

————————————

NO. 01-10-01071-CV

————————————

CITY
of HOUSTON, Appellant

V.

Karla San Miguel, individually and
as next friend of Fabian Sosas, a minor; and Cristina Casique, Appellees

 



 



 

On Appeal from 190th District Court

Harris
County, Texas



Trial Court Cause No. 1034363

 



 

MEMORANDUM
OPINION

          After
a car accident, Karla San Miguel, individually and as next friend of Fabian
Sosas, a minor, and Cristina Casique (collectively San Miguel) sued the City of
Houston and its employee, Shirley James, alleging James’s negligence caused the
accident.  The trial court granted the
City’s motion to dismiss James under the Texas Tort Claims Act’s
election-of-remedies provision.  The City
then filed a plea to the jurisdiction, claiming that San Miguel’s filing suit
against James perfected the City’s statutory immunity from suit.  The trial court denied the City’s plea to the
jurisdiction, and the City brought this interlocutory appeal.[1]  We conclude that the trial court properly
denied the City’s plea to the jurisdiction. 
We affirm.  

Background

          San
Miguel sued the City and James, alleging that James negligently operated a
motor vehicle, causing a collision that injured San Miguel.  The City specially excepted to James having
been named in the petition and moved to dismiss San Miguel’s claims against James
under section 101.106(e) of the Texas Civil Practices and Remedies Code.  See Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e).  That provision states:  

If a
suit is filed under this chapter against both a governmental unit and any of
its employees, the employees shall immediately be dismissed on the filing of a
motion by the governmental unit.  

 

After the trial court granted the motion and
dismissed James, the City filed a plea to the jurisdiction, asserting that section
101.106(b) also applied to bar San Miguel’s claims against the City.  That provision states:  

The
filing of a suit against any employee of a governmental unit constitutes an
irrevocable election by the plaintiff and immediately and forever bars any suit
or recovery by the plaintiff against the governmental unit regarding the same
subject matter unless the government unit consents.  

 

Tex. Civ. Prac. & Rem.
Code Ann. § 101.106(b). 
The
trial court denied the City’s plea to the jurisdiction.  In its single issue, the City contends that
the trial court erred in denying its plea to the jurisdiction.  Specifically, the City asserts that because
San Miguel made the “fatal error of filing suit against both [the City] and
James regarding the same subject-matter,” the provisions of 101.106(b) and (e)
both apply to bar San Miguel from pursuing her claims against James or the City.  

Standard of Review

A plea to the jurisdiction challenges the trial court’s
subject-matter jurisdiction to hear a case.  Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000); Kamel
v. Univ. of Tex. Health Sci. Ctr., 333 S.W.3d 676, 681 (Tex. App.—Houston [1st
Dist.] 2010, pet. ref’d). Whether a governmental entity is immune from suit is
a question of subject matter jurisdiction. 
Tex. Dep’t of Transp. v. Jones, 8
S.W.3d 636, 638 (Tex. 1999).  The
existence of subject-matter jurisdiction is a question of law that we review de
novo.  State Dep’t of Hwys. & Pub.
Transp. v. Gonzalez, 82
S.W.3d 322, 327 (Tex. 2002); Kamel,
333 S.W.3d at 681.  We may not presume
the existence of subject-matter jurisdiction; the burden is on the plaintiff to
allege facts affirmatively demonstrating it.  Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443–44, 446 (Tex.
1993); Kamel, 333 S.W.3d at 681.  In deciding a plea to
the jurisdiction, a court may not consider the merits of the case, but only the
plaintiff’s pleadings and the evidence pertinent to the jurisdictional inquiry.
 Cnty. of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002); Kamel, 333 S.W.3d at 681. 

Section 101.106 of
the Texas Tort Claims Act

A.  
The Parties’ Contentions 

Citing Mission Consol.
Indep. Sch. Dist. v. Garcia, 253 S.W.3d 653 (Tex. 2008), the City contends that
because San Miguel sued both James and the City, San Miguel lost the
opportunity to sue either.  Specifically,
the City asserts that James was properly dismissed under section 101.106(e) of
the Texas Tort Claims Act, and that, regardless of James’s dismissal from the
suit, the City is immune under section 101.106(b).  

In response, San Miguel argues that she never sued James for
purposes of the election-of-remedies provision, because she amended her
petition to drop her claims against James in response to the City’s special
exception and motion to dismiss, and because James never was served with a live
petition.  San Miguel also contends that the
City is estopped from seeking dismissal because the City’s actions caused San
Miguel to drop her claims against James and because the City previously has
taken the position that, in cases in which both the City and one of its
employees were named in a suit, it should remain as the only defendant. 

B. City of
Houston v. Esparza

          This court recently construed section
101.106 of the Texas Tort Claims Act in a case with facts similar to this
case.  City of Houston v. Esparza, No. 01-11-00046-CV, 2011 WL 4925990
(Tex. App.—Houston [1st Dist.] Oct. 7, 2011, no pet. h.).  In that case, the
plaintiff, Esparza, filed suit against both the City of Houston and its
employee, claiming that the employee was negligent in causing a car accident.  Id.
at *1.  The City moved to dismiss the
employee under section 101.106(e).  Id. 
It also filed a plea to the jurisdiction asserting that Esparza’s claims
against the City were barred by section 101.106(b) of the Act.  Id.  The trial court granted the motion to dismiss
the employee but denied the City’s plea to the jurisdiction.  Id.  

On rehearing, this Court affirmed the judgment of the trial
court.  We rejected the City’s contention
that subsections (b) and (e) apply without reference to each other when a
claimant sues both the government and its employee together, thus requiring
dismissal of both defendants.  Id. at *6.  We concluded, instead, that when
a claimant fails to elect between defendants and instead sues both the
government unit and its employee, subsection (e) forces an election upon the
claimant: the governmental unit is the proper defendant and the employee must
be dismissed.  Id. at *10 (“By operation of subsection (e), Esparza’s filing of
suit and the City’s motion to dismiss [the employee] resulted in a forced
election: whether she intended to or not, Esparza elected to pursue her claims
against the City rather than [the employee].”). 
In arriving at this conclusion, we rejected Esparza’s contention,
analogous to the contention made by San Miguel here, that she did not sue the
City’s employee within the meaning of the election-of-remedies provision
because the employee was not served and did not appear in the case.  We follow these holdings.

C.  
Application of Section 101.106 to San
Miguel’s Claims

We reject San Miguel’s contention
that she “never had a suit against [James]” and that section 101.106 therefore
does not apply.  See Esparza, 2011 WL 4925990, at *4 (rejecting claim that employee was
not sued for purposes of the statute because he was not served and did not
appear in the case).   Under
the plain language of the statute, the bar to suit or recovery against a
governmental employer stems from the claimant’s filing of a suit against its
employee, not the trial court’s acquiring personal jurisdiction over the
employee, and it is triggered “immediately.” 
Id. (citing Tex. Civ.
Prac. & Rem. Code Ann. § 101.106(a), (b)).  When San Miguel filed her petition naming
James and the City as defendants, she filed suit against both of them within
the meaning of the election-of-remedies provision.  See id.

Following Esparza, we also reject the City’s contention
that subsections (b) and (e) apply without reference to each other.  Under section 101.106, San Miguel’s filing of
suit against both James and the City invoked subsection (e).  See Tex. Civ. Prac. & Rem. Code Ann. §
101.106(e).  By operation of subsection (e), San
Miguel’s filing of suit and the City’s motion to dismiss James resulted in a
forced election: whether she intended to or not, San Miguel elected to pursue
her claims against the City rather than James.  Id.; see Esparza, 2011 WL 4925990, at *10; see also Garcia, 253
S.W.3d at 657 (“recovery
against an individual employee is barred and may be sought against the
governmental unit only . . . when suit is filed against both the governmental
unit and its employee, [Tex. Civ.
Prac. & Rem. Code Ann.] § 101.106(e)”). The trial court therefore properly
dismissed San Miguel’s claims against James, and San Miguel is barred forever from
bringing common law tort claims against James arising out of the accident at
issue here.  See Esparza, 2011 WL 4925990, at *10; Tex. Civ. Prac. & Rem. Code Ann. § 101.106(a), (e). But, so long as she
has otherwise complied with the jurisdictional requisites of the Tort Claims
Act,[2]
subsection (b) does not bar San Miguel from pursuing her claims against the City,
her elected defendant.[3]  See Esparza,
2011 WL 4925990, at *10; Tex. Civ. Prac. & Rem. Code Ann. § 101.106(b), (e).

Conclusion

We hold that the trial court properly denied the City’s plea
to the jurisdiction under 101.106(b) of the Tort Claims Act.  We therefore affirm the trial court’s
order.  

 

                                                                   Rebeca
Huddle

                                                                   Justice


 

Panel consists of Chief Justice
Radack and Justices Bland and Huddle.

 











[1]               See Tex. Civ. Prac. & Rem.
Code Ann. § 51.014(a)(8)
(West 2008) (authorizing

interlocutory appeal from denial of governmental
unit’s plea to jurisdiction).  

 





[2]           The City does not
challenge San Miguel’s compliance with any of the Tort Claims 

Act’s
jurisdictional requirements other than the election-of-remedies provision.

 





[3]           Given
our conclusion on this issue, we need 
not address the parties’ other 

contentions.