Opinion issued December
1, 2011.


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of Appeals

For The

First District of Texas

————————————

NO. 01-11-00194-CV

————————————

CITY
of HOUSTON, Appellant

V.

John McClain and carita douvio, Appellees

 



 



 

On Appeal from 133rd District Court

Harris
County, Texas



Trial Court Cause No. 2009-03441

 



 

MEMORANDUM OPINION

After a car accident, John
McClain[1] sued the City of Houston and
its employee, Larry Horton, alleging negligence on the part of Horton as the
cause of the accident.  The trial court
granted the City’s motion to dismiss Horton under the Texas Tort Claims Act’s
election-of-remedies provision.  The City
then filed a plea to the jurisdiction, claiming that McClain’s filing suit
against Horton perfected the City’s statutory immunity from suit.  The trial court denied the City’s plea to the
jurisdiction, and the City brought this interlocutory appeal.[2]  We conclude that the trial court properly
denied the City’s plea to the jurisdiction. 
We affirm.  

Background

          McClain
sued the City and its employee, Horton, alleging that Horton negligently operated
a motor vehicle, causing a collision involving McClain.  The City moved to dismiss McClain’s claims
against Horton under section 101.106(e) of the Act.  See Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e)
(West 2011).  That provision states:  

If a
suit is filed under this chapter against both a governmental unit and any of
its employees, the employees shall immediately be dismissed on the filing of a
motion by the governmental unit.  

 

Id.  The trial court granted the City’s motion to
dismiss Horton from the suit.  The City later
filed a plea to the jurisdiction, asserting that section 101.106(b) of the Act
bars McClain’s claims against the City. 
That provision states:  

The
filing of a suit against any employee of a governmental unit constitutes an
irrevocable election by the plaintiff and immediately and forever bars any suit
or recovery by the plaintiff against the governmental unit regarding the same
subject matter unless the government unit consents.  

 

Tex. Civ. Prac. & Rem.
Code Ann. § 101.106(b) (West 2011).  The trial court denied the City’s plea to the
jurisdiction.  In its single issue, the City
contends that the trial court erred in denying its plea to the
jurisdiction.  Specifically, the City
asserts that because McClain filed suit against the City and Horton, McClain
perfected the City’s section 101.106(b) immunity and McClain is forever barred from
pursuing his claims against the City.  

Standard of Review

A plea to the jurisdiction challenges the trial court’s
subject-matter jurisdiction to hear a case.  Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000); Kamel
v. Univ. of Tex. Health Sci. Ctr., 333 S.W.3d 676, 681 (Tex. App.—Houston
[1st Dist.] 2010, pet. denied). Whether a governmental entity is immune from
suit is a question of subject matter jurisdiction.  Tex.
Dep’t of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999).  The existence of subject-matter jurisdiction
is a question of law that we review de novo.  State Dep’t of Hwys. & Pub. Transp. v.
Gonzalez, 82 S.W.3d 322,
327 (Tex. 2002); Kamel, 333 S.W.3d at
681.  We may not presume the existence of
subject-matter jurisdiction; the burden is on the plaintiff to allege facts
affirmatively demonstrating it.  Tex.
Ass’n of Bus. v. Tex. Air Control Bd.,
852 S.W.2d 440, 443–44, 446 (Tex. 1993); Kamel,
333 S.W.3d at 681.  In deciding a plea to the jurisdiction, a court
may not consider the merits of the case, but only the plaintiff’s pleadings and
the evidence pertinent to the jurisdictional inquiry.  Cnty. of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002); Kamel, 333 S.W.3d at 681. 

Section 101.106 of
the Texas Tort Claims Act

A.  
The Parties’ Contentions 

Citing Mission Consolidated
Independent School District v. Garcia, 253 S.W.3d 653 (Tex. 2008) and Franka v. Velasquez, 332 S.W.3d 367
(Tex. 2011), the City contends that because McClain sued both Horton and the City,
McClain lost the opportunity to sue either. 
The City asserts that Horton was properly dismissed under section
101.106(e) of the Act, and, because McClain initially sued both Horton and the City,
the City is immune from suit under section 101.106(b).  The City asserts that the necessary consent to
suit described in section 101.106(b) cannot be found within section 101.021 of
the Act, which waives immunity for claims arising from the alleged negligence
of a government employee in operating a motor vehicle, because, according to
the City, where section 101.106(b) applies, it “operates to trump” the limited
waiver of immunity in section 101.021.  See Tex.
Civ. Prac. & Rem. Code Ann. § 101.021 (West 2011).

McClain disagrees.  He
contends that because Horton was operating a motor vehicle in the course and
scope of his employment at the time of the accident, section 101.021’s waiver
of immunity for claims arising from negligence of operating a motor vehicle
constitutes the consent described in section 101.106(b).  See id.  Thus, according to McClain, section
101.106(b) does not operate to bar his suit against the City.

B. City of
Houston v. Esparza

          This court recently construed section
101.106 of the Texas Tort Claims Act in a case with facts similar to this
case.  City of Houston v. Esparza, No. 01-11-00046-CV, 2011 WL 4925990
(Tex. App.—Houston [1st Dist.] Oct. 7, 2011, no pet. h.).  In that case, the
plaintiff, Esparza, filed suit against both the City of Houston and its
employee, claiming that the employee was negligent in causing a car
accident.  Id. at *1.  The City moved to dismiss the employee
under section 101.106(e).  Id. 
It also filed a plea to the jurisdiction asserting that Esparza’s claims
against the City were barred by section 101.106(b) of the Act.  Id.  The trial court granted the motion to dismiss
the employee but denied the City’s plea to the jurisdiction.  Id.  

On rehearing, this Court affirmed the judgment of the trial
court. We rejected the City’s contention that subsections (b) and (e) apply
without reference to each other when a claimant sues both the government and
its employee together, thus requiring dismissal of both defendants.  Id.
at *6.  We concluded, instead, that when a
claimant fails to elect between defendants and instead sues both the government
unit and its employee, subsection (e) forces an election upon the claimant: the
governmental unit is the proper defendant and the employee must be
dismissed.  See Esparza, 2011 WL 4935990,
at *10 (“By operation of subsection (e), Esparza’s filing of suit and the City’s
motion to dismiss [the employee] resulted in a forced election: whether she
intended to or not, Esparza elected to pursue her claims against the City
rather than [the employee].”).  

With regard to what constitutes “consent” under section 101.106(b),
we held “a claimant may find ‘consent’ to suit within the Act’s limited waivers
of immunity only if the claimant has satisfied the Act’s other jurisdictional
requirements, including those set forth in the election-of-remedies
provision.”   Id. A claimant satisfies section 101.106 by electing—voluntarily or
involuntarily—whether he will prosecute his claims against a governmental unit
or its employee, forever forgoing prosecution against the other.  Id.  

C.  
Application of Section 101.106 to
McClain’s Claims

Following Esparza, we reject the City’s contention that
subsections (b) and (e) apply without reference to each other.  Under section 101.106, McClain’s filing of
suit against both Horton and the City invoked subsection (e).  See Tex. Civ. Prac. & Rem. Code Ann. §
101.106(e).  By operation of subsection (e), McClain’s
filing of suit and the City’s motion to dismiss Horton resulted in a forced
election: whether he intended to or not, McClain elected to pursue his claims
against the City rather than Horton.  Id.;
see Esparza, 2011 WL 4925990, at *10;
see also Garcia, 253 S.W.3d at 657 (“recovery against an individual employee
is barred and may be sought against the governmental unit only . . . when suit
is filed against both the governmental unit and its employee, [Tex. Civ. Prac. & Rem. Code Ann.] § 101.106(e)”).  Thus, McClain satisfied the Act’s
election-of-remedies provision.  

We also reject the City’s contention that the limited waiver
of immunity in section 101.021 cannot constitute “consent” to suit in cases in
which section 101.106(b) applies.  See Esparza, 2011 WL 4935990, at *10
(concluding that  claimant may find
“consent” to suit within the Texas Tort Claims Act limited waivers of immunity
if he has satisfied the Act’s other jurisdictional requirements).   But we do not go so far as to adopt McClain’s
contention that the limited waiver of immunity found in section 101.021, alone,
is sufficient to find the City consented to suit within the meaning of section
101.106(b).  See id. at *7–8.  Rather, we conclude that the limited waiver
of immunity found in section 101.021 may constitute the “consent” required by section
101.106(b), and section 101.106(b) therefore does not bar McClain from pursuing
his claims against the City, his elected defendant, if he has satisfied the Act’s
other jurisdictional requirements.[3]  See Esparza,
2011 WL 4925990, at *10; See Tex. Civ. Prac. & Rem. Code Ann.                 § 101.106(b), (e).

 Conclusion

We hold that the trial court properly denied the City’s plea
to the jurisdiction under section 101.106(b) of the Texas Tort Claims Act.  We therefore affirm the trial court’s
order.  

 

                                                                   Rebeca
Huddle

                                                                   Justice 

 

Panel consists of Chief Justice
Radack and Justices Bland and Huddle.

 

 











[1]           Carita
Douvio was also a plaintiff when this suit was initially filed.  Because she 

was
dismissed from the suit for failure to respond to discovery and is not a party
to 

this
appeal, we will address only McClain’s claims. 


 





[2]           Tex. Civ. Prac.
& Rem. Code Ann. § 51.014(a)(8)
(West 2008) (authorizing interlocutory appeal from denial of governmental unit’s
plea to jurisdiction).  





[3]           The
City does not challenge McClain’s compliance with any of the Texas Tort Claim
Act’s jurisdictional requirements other than the election-of-remedies provision.