Opinion issued January
19, 2012


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 
 



In The

Court of Appeals

For The

First District of Texas

————————————

NO. 01-11-00432-CV

————————————

CITY
of HOUSTON, Appellant

V.

SHAI TSAIG AND SAMI PEREZ, Appellees

 



 



 

On Appeal from 80th District Court

Harris
County, Texas



Trial Court Cause No. 2011-13141

 



 

MEMORANDUM OPINION

After a car accident, Shai
Tsaig and Sami Perez sued the City of Houston and its employee, James White,
alleging that White negligently caused the accident. Tsaig and Perez dismissed
White after the City moved to dismiss him under the Texas Tort Claims Act’s
election-of-remedies provision.  The City
then filed a plea to the jurisdiction, claiming that Tsaig’s and Perez’s filing
suit against White perfected the City’s statutory immunity from suit.  The trial court denied the City’s plea to the
jurisdiction, and the City brought this interlocutory appeal.[1]  Because the trial court properly denied the City’s
plea to the jurisdiction, we affirm.  

BACKGROUND

          Tsaig
and Perez sued the City and its employee, White, alleging that White negligently
operated a motor vehicle, causing a collision with the vehicle in which Tsaig
and Perez were riding.  The City moved to
dismiss Tsaig’s and Perez’s claims against White under section 101.106(e) of
the Act.  See Tex. Civ. Prac. &
Rem. Code Ann. § 101.106(e) (West 2011).  That provision states:  

If a
suit is filed under this chapter against both a governmental unit and any of
its employees, the employees shall immediately be dismissed on the filing of a
motion by the governmental unit.  

 

Tex. Civ. Prac. &
Rem. Code Ann. § 101.106(e) (West 2011). The following day,
Tsaig and Perez filed an amended petition and Notice of Nonsuit against White.
The City later filed a plea to the jurisdiction, asserting that section
101.106(b) of the Act bars Tsaig’s and Perez’s claims against the City.  That provision states:  

The
filing of a suit against any employee of a governmental unit constitutes an
irrevocable election by the plaintiff and immediately and forever bars any suit
or recovery by the plaintiff against the governmental unit regarding the same
subject matter unless the government unit consents.  

 

Tex. Civ. Prac. & Rem.
Code Ann. § 101.106(b). 
The
trial court denied the City’s plea to the jurisdiction.  In its single issue, the City contends that
the trial court erred in denying its plea to the jurisdiction.  Specifically, the City asserts that because Tsaig
and Perez filed suit against the City and White, Tsaig and Perez perfected the City’s
section 101.106(b) immunity and Tsaig and Perez are forever barred from
pursuing their claims against the City.  

STANDARD OF REVIEW

A plea to the jurisdiction challenges the trial court’s
subject-matter jurisdiction to hear a case.  Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000); Kamel
v. Univ. of Tex. Health Sci. Ctr., 333 S.W.3d 676, 681 (Tex. App.—Houston
[1st Dist.] 2010, pet. denied). Whether a governmental entity is immune from
suit is a question of subject-matter jurisdiction.  Tex.
Dep’t of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999).  The existence of subject-matter jurisdiction
is a question of law that we review de novo.  State
Dep’t of Hwys. & Pub. Transp. v. Gonzalez, 82 S.W.3d 322, 327 (Tex. 2002); Kamel, 333 S.W.3d at 681.  We
may not presume the existence of subject-matter jurisdiction; the burden is on
the plaintiff to allege facts affirmatively demonstrating it.  Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443–44, 446 (Tex.
1993); Kamel, 333 S.W.3d at 681.  In deciding a plea to
the jurisdiction, a court may not consider the merits of the case, but only the
plaintiff’s pleadings and the evidence pertinent to the jurisdictional inquiry.
 Cnty. of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002); Kamel, 333 S.W.3d at 681. 

Section
101.106 of the Texas Tort Claims Act

A.  
The Parties’ Contentions 

Citing Mission Consol.
Indep. Sch. Dist. v. Garcia, 253 S.W.3d 653 (Tex. 2008) and Franka v. Velasquez, 332 S.W.3d 367
(Tex. 2011), the City contends that because Tsaig and Perez sued both White and
the City, Tsaig and Perez lost the opportunity to sue either.  The City asserts that because Tsaig and Perez
initially sued both White and the City, the City is immune from suit under section
101.106(b).  The City asserts that the
necessary consent to suit described in section 101.106(b) cannot be found
within section 101.021 of the Act, which waives immunity for claims arising
from the alleged negligence of a government employee in operating a motor
vehicle, because, according to the City, when section 101.106(b) applies, it trumps
 the limited waiver of immunity in section
101.021.  See Tex. Civ. Prac. &
Rem. Code Ann. § 101.021 (West 2011).

Tsaig and Perez disagree. 
They contend that because White was operating a motor vehicle in the
course and scope of his employment at the time of the accident, section 101.021’s
waiver of immunity for claims arising from negligence of operating a motor
vehicle constitutes the consent described in section 101.106(b).  See id.  Thus, according to Tsaig and Perez, section
101.106(b) does not operate to bar their suit against the City.

B. City of
Houston v. Esparza

          This Court recently construed section
101.106 of the Texas Tort Claims Act in a case with facts similar to this
case.  City of Houston v. Esparza, No. 01-11-00046-CV, 2011 WL 4925990
(Tex. App.—Houston [1st Dist.] Oct. 7, 2011, no pet. h.).  In that case, the
plaintiff, Esparza, filed suit against both the City of Houston and its
employee, claiming that the employee was negligent in causing a car
accident.  Id. at *1. The City moved
to dismiss the employee under section 101.106(e).  Id.  It also filed a plea to the jurisdiction
asserting that Esparza’s claims against the City were barred by section 101.106(b)
of the Act.  Id.  The trial court granted
the motion to dismiss the employee, but denied the City’s plea to the
jurisdiction.  Id.  

On rehearing, this Court affirmed the judgment of the trial
court. We rejected the City’s contention that subsections (b) and (e) apply
without reference to each other when a claimant sues both the government and
its employee together, thus requiring dismissal of both defendants.  Id.
at *6.  We concluded, instead, that when a
claimant fails to elect between defendants and instead sues both the government
unit and its employee, subsection (e) forces an election upon the
claimant:  the governmental unit is the
proper defendant and the employee must be dismissed upon motion by either the
government or the employee made on behalf of the employer.  See
Esparza, 2011 WL 4935990, at *10
(“By operation of subsection (e), Esparza’s filing of suit and the City’s
motion to dismiss [the employee] resulted in a forced election:  whether she intended to or not, Esparza
elected to pursue her claims against the City rather than [the employee].”).  

With regard to what constitutes “consent” under section 101.106(b),
we held “a claimant may find ‘consent’ to suit within the Act’s limited waivers
of immunity only if the claimant has satisfied the Act’s other jurisdictional
requirements, including those set forth in the election-of-remedies
provision.”   Id. A claimant satisfies section 101.106 by electing—voluntarily or
involuntarily—whether he will prosecute his claims against a governmental unit
or its employee, forever forgoing prosecution against the other.  Id.  

C.  
Application of Section 101.106 to Tsaig’s
and Perez’s Claims

Following Esparza, we reject the City’s contention that
subsections (b) and (e) apply without reference to each other.  Under section 101.106, Tsaig’s and Perez’s
filing of suit against both White and the City invoked subsection (e). See
Tex. Civ. Prac. & Rem.
Code Ann. § 101.106(e). 
By
operation of subsection (e), Tsaig’s and Perez’s filing of suit and the City’s
motion to dismiss White resulted in a forced election: Tsaig and Perez elected
to pursue their claims against the City rather than White.  Id.; see Esparza, 2011 WL 4925990, at *10; see also Garcia, 253
S.W.3d at 657 (“recovery
against an individual employee is barred and may be sought against the
governmental unit only . . . when suit is filed against both the governmental
unit and its employee, [Tex. Civ.
Prac. & Rem. Code Ann.] § 101.106(e)”).  

We do not adopt Tsaig’s and Perez’s contention that the
limited waiver of immunity found in section 101.021, alone, is sufficient to
find the City consented to suit within the meaning of section 101.106(b).  See id.
at *7–8. 
Rather, we conclude that the limited waiver of immunity found in section
101.021 may constitute the “consent” required by section 101.106(b), and section
101.106(b) therefore does not bar Tsaig and Perez from pursuing their claims
against the City, their elected defendant, if they have satisfied the Act’s
other jurisdictional requirements.[2]  See Esparza,
2011 WL 4925990, at *10; See Tex. Civ. Prac. & Rem. Code Ann.  § 101.106(b), (e).

 

 

 

 CONCLUSION

We hold that the trial court properly denied the City’s plea
to the jurisdiction under section 101.106(b) of the Texas Tort Claims Act.  We therefore affirm the trial court’s
order.  

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel consists of Chief Justice
Radack and Justices Bland and Huddle.

 

 











[1]           Tex. Civ. Prac.
& Rem. Code Ann. § 51.014(a)(8)
(West 2008) (authorizing

 interlocutory
appeal from denial of governmental unit’s plea to jurisdiction).  





[2]
              The
City does not challenge Tsaig’s and Perez’s compliance with any of the Texas
Tort Claim Act’s jurisdictional requirements other than the
election-of-remedies provision.