*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





## OPINION

No. 04-11-00271-CV

**TEXAS DEPARTMENT OF PUBLIC SAFETY**,
Appellant

v.

Rachel **DEAKYNE**,
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-18007
Honorable Richard Price, Judge Presiding

Opinion by:     Rebecca Simmons, Justice

Sitting:        Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:  March 7, 2012

AFFIRMED

Rachel Deakyne was injured in an automobile accident involving a patrol car driven by Texas Department of Public Safety (DPS) Trooper Kavin Edwards. Deakyne sued Edwards and DPS for negligence. The trial court granted DPS's motion to dismiss Edwards but denied DPS's motion to dismiss Deakyne's suit against DPS. In its sole issue on appeal, DPS argues the election of remedies statute bars Deakyne's suit. We affirm the trial court's interlocutory order.

**BACKGROUND**

Rachel Deakyne was injured when her vehicle became involved in an automobile accident with a DPS patrol car driven by Trooper Edwards. In her original petition, Deakyne sued both Edwards and DPS. She alleged that "at all relevant times" Edwards was acting "within the scope and course of his employment [with DPS] and was in furtherance of the duties of his office." Deakyne asserted that Edwards was personally negligent and that DPS was liable under *respondeat superior*. She sought damages from DPS and Edwards "jointly and severally." Deakyne served discovery requests on DPS and Edwards including an interrogatory asking if Edwards was in the course and scope of his employment when the collision occurred.

**A. DPS's Motion to Dismiss Edwards**

About ten days after it was sued, DPS moved to dismiss Edwards under section 101.106(e) of the election of remedies statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e) (West 2011). In an affidavit in the record, Deakyne's attorney stated that he offered to cosign a proposed order dismissing Edwards if DPS would stipulate that Edwards was in the course and scope of his employment when the accident occurred; DPS refused.

At the initial hearing on DPS's motion to dismiss Edwards, the court asked DPS the same question, and DPS again refused to stipulate that Edwards was acting in the course and scope of employment at the time of the accident. The trial court granted a continuance until the discovery responses were filed. In Edwards's responses to plaintiff's interrogatories, he asserted he was acting in the course and scope of his employment when the accident occurred. Deakyne's attorney signed the draft order to dismiss Edwards and the court granted DPS's motion.

**B. DPS's Motion to Dismiss Deakyne's Suit**

After the trial court dismissed Edwards from the suit, DPS moved to dismiss Deakyne's entire suit against DPS under section 101.106(b). DPS argued that Deakyne's suit against DPS was barred because her original petition named both Edwards and DPS as defendants. Deakyne responded that subsection (b) does not bar her suit against DPS because DPS has consented to suit by operation of the Texas Tort Claims Act's waiver of DPS's immunity for a car accident. The trial court denied DPS's motion to dismiss Deakyne's suit against it. DPS appeals the trial court's interlocutory order.

STANDARDS OF REVIEW

We review a defendant's challenge to the trial court's jurisdiction to hear the suit de novo. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). We also review matters of statutory construction de novo. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008).

ANALYSIS

The parties agree that the Texas Tort Claims Act (TTCA) waives DPS's immunity from suit for accidents involving state automobiles where the State has liability under the Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (West 2011); *Miranda*, 133 S.W.3d at 225. *See generally* Texas Tort Claims Act, TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001–.109 (West 2011). But the parties disagree on how the TTCA applies to Deakyne's suit against DPS. To determine whether the trial court erred when it denied DPS's motion to dismiss Deakyne's suit against DPS, we must construe the applicable sections of the TTCA.

## A. Statutory Construction Principles

We review questions of statutory construction with the objective to "give effect to the Legislature's intent." *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). "[W]e determine legislative intent from the entire act and not just from isolated portions." *State ex. rel. State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002). "[W]e must read the statute as a whole and interpret it to give effect to every part." *Jones v. Fowler*, 969 S.W.2d 429, 432 (Tex. 1998) (per curiam). "[W]e 'give effect to all the words of a statute and [do] not treat any statutory language as surplusage[,] if possible.'" *Spradlin v. Jim Walter Homes, Inc.*, 34 S.W.3d 578, 580 (Tex. 2000) (second and third alterations in original) (quoting *Chevron Corp. v. Redmon*, 745 S.W.2d 314, 316 (Tex. 1987)). In determining the legislature's intent for creating the statute, "[w]e presume the Legislature intended a just and reasonable result." *Hughes*, 246 S.W.3d at 626 (citing TEX. GOV'T CODE ANN. § 311.021(3) (West 2005)).

## B. Election of Remedies Statute

The election of remedies portion of the TTCA, codified in section 101.106 of the Texas Civil Practice and Remedies Code, contains grants of immunity and procedural requirements (with jurisdictional ramifications) for suits seeking to recover from a governmental unit, its employee, or both.

> (a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.
>
> (b) The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

(c) The settlement of a claim arising under this chapter shall immediately and forever bar the claimant from any suit against or recovery from any employee of the same governmental unit regarding the same subject matter.

(d) A judgment against an employee of a governmental unit shall immediately and forever bar the party obtaining the judgment from any suit against or recovery from the governmental unit.

(e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

(f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106 (West 2011); *see Univ. of Tex. Health Sci. Ctr. at San Antonio v. Webber-Eells*, 327 S.W.3d 233, 240 (Tex. App.—San Antonio 2010, no pet.).

## C.  DPS's Argument

DPS insists that if a plaintiff files suit against both a governmental unit and its employee, then on the governmental unit's motion, the employee must be dismissed under subsection (e) and the plaintiff's remaining suit against the governmental unit must be dismissed under subsection (b).  Relying first on section 101.106(e), DPS argues that because Deakyne initially sued both Edwards and DPS, Edwards had to be dismissed from Deakyne's suit:

> If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

*See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e).  Relying next on section 101.106(b), DPS asserts that after Edwards was dismissed, subsection (b) *also* applies and necessarily bars Deakyne's suit against DPS:

> The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or

> recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

*See id.* § 101.106(b). Because Deakyne initially sued both Edwards and DPS, DPS insists that subsection (e) applies first, and then subsection (b) *also* applies and "forever bars" Deakyne's suit against DPS. *See id.* § 101.106(b), (e).

DPS also argues that *Mission* supports its view. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655–60 (Tex. 2008) (addressing, *inter alia*, the "unless the governmental unit consents" phrase in section 101.106(b) and the "under this chapter" phrase in section 101.106(e)). In *Mission*, the supreme court noted that "[b]ecause the decision regarding whom to sue has irrevocable consequences, a plaintiff must proceed cautiously before filing suit and carefully consider whether to seek relief from the governmental unit or from the employee individually." *Id.* at 657. The statute "requir[es] a plaintiff to make an irrevocable election *at the time suit is filed* between suing the governmental unit [and the employee]." *Id.* (emphasis added). According to *Mission*, the legislature revised the statute "to force a plaintiff to *decide at the outset* whether [to sue the employee individually or the governmental unit] . . . thereby reducing the resources that the government and its employees must use in defending redundant litigation and alternative theories of recovery." *Id.* (emphasis added).

## D. Deakyne's Argument

Deakyne disputes DPS's interpretation of section 101.106 and its reading of *Mission*. She argues that section 101.106(e) contemplates her situation: it allows her to sue Edwards and DPS, forces DPS to acknowledge it is the proper defendant, and allows DPS to move to dismiss Edwards. Thereafter, she asserts, Edwards is immune from suit under subsection (a). She argues that this construction fulfills the legislature's intent for subsection (e): the proper defendant has

been chosen, the employee has been protected, and the suit against the governmental unit can be decided on its merits.

### E. Examining DPS's View

For the reasons discussed below, we do not construe section 101.106 as a bar to Deakyne's suit against DPS. We disagree with DPS's view that applies subsections (e) and (b) as isolated fragments. DPS's construction is fraught with problems. Its construction invites mischief, conflicts with case law, and fails to consider how subsections (a) and (b) should apply in light of the overall statutory framework and subsection (e)'s acknowledgement that a suit may name both an employee and the governmental unit. *See City of Rockwall v. Hughes*, 246 S.W.3d 621, 640 (Tex. 2008) (5-4 decision) (Willet, J., dissenting) ("[S]tatutes operate as a whole and must be read as a whole, not as a hodgepodge of isolated fragments."); *Spradlin v. Jim Walter Homes, Inc.*, 34 S.W.3d 578, 580 (Tex. 2000) (avoiding constructions that make statutory language into surplusage); *see also City of Houston v. Esparza*, No. 01-11-00046-CV, 2011 WL 4925990, at *6 (Tex. App.—Houston [1st Dist.] Oct. 7, 2011, pet. filed) (op. on reh'g) (rejecting the City's view that suing both the governmental unit and its employee requires dismissing both because that view would make subsection (e) superfluous and incongruent).

#### 1. DPS's view invites mischief

Adopting DPS's view would invite mischief. A governmental unit might refuse to admit its employee was acting in the course and scope of employment. If the governmental unit refused to disclose the employee's role before the suit was filed, the plaintiff could be forced to engage in pre-suit discovery in an attempt to determine the proper defendant. If the discovery response was delayed or denied, the plaintiff could be forced to choose a party to sue without sufficient information. *See Franka v. Velasquez*, 332 S.W.3d 367, 380–81 (Tex. 2011)

(disfavoring the appellate court's construction of the statute that would force plaintiffs to choose whom to sue before the question of immunity was determined). Such incentives to withhold information could operate to increase delay, increase the cost of litigation, and deny some plaintiffs relief simply because they guessed wrong. *See Mission*, 253 S.W.3d at 657 (espousing a prompt determination of the elected defendant and eschewing delay and unnecessary litigation costs).

In this case, after Deakyne filed suit, DPS twice refused to stipulate that Edwards was in the course and scope of his employment at the time of the accident. Ultimately, in his responses to interrogatories, Edwards asserted that at the time of the accident he was acting within the course and scope of his employment. But Edwards's statement is not necessarily dispositive; DPS can deny Edwards's assertion and contest *respondeat superior* liability. *See e.g.*, *Bell v. VPSI, Inc.*, 205 S.W.3d 706, 715 (Tex. App.—Fort Worth 2006, no pet.).[1]

### 2. *DPS's view conflicts with the statute's language*

Under DPS's view, after the employee is dismissed on the governmental unit's subsection (e) motion, the governmental unit must be dismissed by operation of subsection (b). In rejecting DPS's view, we read section 101.106 as a whole and adopt a construction that considers the separate and collective purposes of each of its subsections. *See Hughes*, 246 S.W.3d at 640 (5-4 decision) (Willett, J., dissenting).

Section 101.106 is entitled "Election of Remedies." In essence, subsections (a) through (d) immunize from suit or recovery the *non-elected* defendant. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(a)–(d); *cf. Esparza*, 2011 WL 4925990, at *5 (explaining that when a plaintiff sues both the governmental unit and the employee, after the governmental unit moves to

---

[1] At oral argument, DPS expressly disclaimed admitting that Edwards was acting in the course and scope of his employment at the time of the accident.

dismiss its employee, subsection (a) "endow[s] the employee with immunity"). In our view, these subsections presume that the mutually exclusive election between the employee and the governmental unit has already been made, and they define the consequences of that election. If a plaintiff elects[2] a governmental unit as the defendant, subsection (a) grants the employee—the non-elected defendant—immunity from the plaintiff's suit or recovery.[3] *Esparza*, 2011 WL 4925990, at *5. If a plaintiff elects the employee as the defendant, subsection (b) immunizes the governmental unit—the non-elected defendant—against the plaintiff's suit or recovery.[4] If a plaintiff elects to recover from a governmental unit and accepts a settlement with it, subsection (c) immunizes the employee—the non-elected defendant—from the plaintiff's further suit or recovery.[5] If a plaintiff elects an employee as the defendant and obtains a judgment against the employee, subsection (d) immunizes the governmental unit—the non-elected defendant—against the plaintiff's suit or recovery.[6] After the plaintiff's election of defendant is made, the applicable subsection (i.e., (a), (b), (c), or (d)) takes effect to immunize the non-elected defendant from suit or recovery; these four subsections do not contain procedural components that force an additional election.

On the other hand, subsections (e) and (f) contain prospective procedural steps that force the plaintiff to make a mutually exclusive election between defendants—the plaintiff must elect

---

[2] The plaintiff's election may be made by pleading or operation of statute as discussed herein and in *Esparza*. *See City of Houston v. Esparza*, No. 01-11-00046-CV, 2011 WL 4925990, at *5 (Tex. App.—Houston [1st Dist.] Oct. 7, 2011, pet. filed) (op. on reh'g).

[3] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(a) ("The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.").

[4] *See id.* § 101.106(b) ("The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.").

[5] *See id.* § 101.106(c) ("The settlement of a claim arising under this chapter shall immediately and forever bar the claimant from any suit against or recovery from any employee of the same governmental unit regarding the same subject matter.").

[6] *See id.* § 101.106(d) ("A judgment against an employee of a governmental unit shall immediately and forever bar the party obtaining the judgment from any suit against or recovery from the governmental unit.").

either the governmental unit or the employee individually. Neither (e) nor (f) expressly immunizes the governmental unit or the employee. Rather, they ensure the mutually exclusive election is made and rely on subsections (a) through (d) to immunize the non-elected defendant.

In our view, subsection (e) expressly contemplates a situation where the plaintiff initially sues both the employee and the governmental unit:

> If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

See TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e). If the plaintiff initially sues both the governmental unit and the employee (whether individually or in the scope of employment) and the governmental unit moves to dismiss its employee, subsection (e) forces an election: the employee becomes the non-elected defendant and is dismissed; the remaining defendant—the governmental unit—is the elected defendant. See Esparza, 2011 WL 4925990, at *6; see also Mission, 253 S.W.3d at 657.

Subsection (f) controls when the plaintiff initially sues only the employee and only in the employee's official capacity:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

See TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f). In such an instance, subsection (f) also forces an election. On the employee's motion to dismiss, the plaintiff must either timely join the governmental unit—making it the elected defendant—or forego any suit. See Esparza, 2011 WL 4925990, at *5.

Reading section 101.106 as a whole, we consider and give effect to each of its parts. *See State ex. rel. State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002) (quoting *Jones v. Fowler*, 969 S.W.2d 429, 432 (Tex. 1998) (per curiam)). Subsection (e) controls when a plaintiff sues both the governmental unit and its employee and the governmental unit moves to dismiss its employee. TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e). It forces an election: the employee becomes the non-elected defendant and is dismissed; the governmental unit remains in the suit as the elected defendant. *See Esparza*, 2011 WL 4925990, at *5. Further, in contrast with DPS's view, subsection (e) conspicuously lacks any express bar against maintaining suit against the governmental unit after the employee is dismissed. Considering the subsections' separate and collective effects, we do not construe the statute as a pleading trap; it cannot reasonably be read to mean that if a plaintiff sues both a governmental unit and its employee, subsections (e) and (b) ensure the plaintiff cannot maintain a suit against either one. *See Gonzalez*, 82 S.W.3d at 327; *see also Jones*, 969 S.W.2d at 432.

3. *DPS's view conflicts with language in* Mission

DPS's view also conflicts with a more careful reading of *Mission*. Specifically, the court stated that "the Tort Claims Act's election scheme is intended to protect governmental employees by favoring their *early dismissal* when a claim regarding the same subject matter is also made against the governmental employer." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008) (emphasis added). If the supreme court intended *Mission* to declare that when the plaintiff initially sued both the employee and the governmental unit, then by operation of statute she could not maintain a suit against either, the court could have said so. Instead, the court included language indicating that the suit against the governmental unit may proceed: "Under the Tort Claims Act's election scheme, recovery . . . may be sought against the

governmental unit . . . when suit is filed against both the governmental unit and its employee . . . ." *See id.* (citing section 101.106(e)).

    *4. DPS's view conflicts with* City of Houston v. Esparza

Moreover, DPS's view also differs from *Esparza*'s view of the election of remedies statute. *See City of Houston v. Esparza*, No. 01-11-00046-CV, 2011 WL 4925990, at \*6–10 (Tex. App.—Houston [1st Dist.] Oct. 7, 2011, pet. filed) (op. on reh'g). In *Esparza*, a case with similar facts, the City made the same argument DPS makes here: a plaintiff who sues both the employee and the governmental unit cannot maintain suit against either. *Id.* at \*3. In the City's view, the employee is dismissed under subsection (e) and the governmental unit is immune under subsection (b). *Id.* The court expressly rejected the City's argument. *Id.* at \*4, \*6.

Instead, *Esparza* reasons that where the plaintiff sues both the employee and the governmental unit, "subsection (e) forces an election upon the claimant: the governmental unit is the proper defendant and the employee must be dismissed." *Id.* at \*4; *cf. Mission*, 253 S.W.3d at 657. *Esparza*'s construction achieves the legislature's goals: it reduces litigation costs by determining the elected defendant at the outset, protects government employees in the course and scope of employment by allowing them to be immediately dismissed, and gives the plaintiff's election—whether by pleading or operation of statute—irrevocable consequences. *See Esparza*, 2011 WL 4925990, at \*6. *Esparza*'s construction is also consistent with what seems to be an unambiguous statement in *Mission*: "Under the Tort Claims Act's election scheme, recovery . . . may be sought against the governmental unit . . . when suit is filed against both the governmental unit and its employee . . . ." *See Mission*, 253 S.W.3d at 657 (citing section 101.106(e)).

**CONCLUSION**

We reject DPS's view that when a plaintiff sues both a governmental unit and its employee for actions for which the Texas Tort Claims Act has waived the governmental unit's immunity from suit, the plaintiff cannot maintain a suit against either the employee or the governmental unit. Rather, we believe the plain language of the statute, the supreme court's guidance in *Mission*, and *Esparza*'s reasoning illuminate the legislature's intent. We hold that when a plaintiff sues both the governmental unit and its employee, and the governmental unit moves to dismiss its employee under section 101.106(e), the governmental unit becomes the elected defendant, the employee becomes the non-elected defendant, and subsection (a) immunizes the employee from suit or recovery; the governmental unit cannot then assert subsection (b)'s immunity for the non-elected defendant. *See City of Houston v. Esparza*, No. 01-11-00046-CV, 2011 WL 4925990, at *4 (Tex. App.—Houston [1st Dist.] Oct. 7, 2011, pet. filed) (op. on reh'g). This construction fulfills the legislature's intent: it determines—by pleading or involuntary election—the elected defendant at the outset, protects government employees, reduces litigation delays and costs, and gives the plaintiff's election irrevocable consequences. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008); *Esparza*, 2011 WL 4925990, at *4.

DPS was the *elected* defendant; subsection (b)'s grant of immunity to a governmental unit when it is the *non-elected* defendant does not apply to bar Deakyne's suit.[7] Therefore, we overrule DPS's sole issue and affirm the trial court's order.

Rebecca Simmons, Justice

---

[7] Because subsection (b) does not apply in this case, we do not address the significance of subsection (b)'s phrase "unless the governmental unit consents." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(b) (West 2005).