Opinion issued
April 12, 2012



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NO. 01-11-01037-CV

———————————

CITY OF HOUSTON, Appellant

V.

GRETA MCMAHON,
INDIVIDUALLY AND AS NEXT FRIEND OF KELSEY MCMAHON, Appellee



 



 

On Appeal from the 295th
District Court 

Harris County, Texas



Trial Court Case No. 2011-40739

 



 

 

MEMORANDUM
OPINION

          The
City of Houston (“the City”) appeals the trial court’s interlocutory order
denying its plea to the jurisdiction.[1]  In its sole issue, the City contends that the
trial court erred in denying its plea because it has immunity pursuant to
subsection (b) of the election-of-remedies provision of the Texas Tort Claims
Act.[2]  

          In
accordance with this Court’s opinion in City
of Houston v. Esparza, we affirm the trial court’s order denying the City’s
plea to the jurisdiction.  See No. 01–11–00046–CV,
2011 WL 4925990, at *6 (Tex. App.—Houston
[1st Dist.] Oct. 7, 2011, pet. filed) (op. on reh’g).

Background
Summary

          Greta
McMahon, Individually and as Next Friend of Kelsey McMahon, sued the City and
its employee, Bradley Wyatt Nugent.  The
petition alleges that Greta McMahon and Kelsey McMahon were riding in a car hit
by a vehicle driven by Nugent, who was operating his vehicle in the scope of
his employment with the City.  McMahon
alleges that Nugent’s negligent and careless conduct caused the collision.  As a result of the collision, McMahon claims
that she and Kelsey suffered personal injuries. 

          The
City filed a motion to dismiss all of McMahon’s claims against Nugent.  In its motion, the City asserted, “Because
plaintiff has sued both the Houston and its employee, Nugent, this Court must
immediately dismiss Nugent on Houston’s motion[.]”  The City cited Tort Claims Act subsection
101.106(e), which provides, “If a suit is filed under this chapter against both
a governmental unit and any of its employees, the employees shall immediately
be dismissed on the filing of a motion by a governmental unit.” [3]  The City asserted, “The language of the
statute requiring dismissal of the employee on the filing of a motion by the
governmental unit is mandatory.” 

          The trial
court granted the City’s motion, dismissing Nugent from the suit.

          The same day
the trial court signed the order dismissing Nugent, the City filed a plea to
the jurisdiction.  In its plea, the City
cited Tort Claims Act subsection 101.106(b), which provides that the
“filing of a suit against any employee of a governmental unit . . . immediately
and forever bars any suit or recovery by the plaintiff against the governmental
unit regarding the same subject matter unless the governmental unit consents.”[4]  The City asserted, “By filing suit against
Nugent regarding the same subject matter, [McMahon] perfected [the City’s]
section 101.106(b) immunity, defeating this Court’s subject-matter
jurisdiction.”  In response, McMahon
cited this Court’s opinion in Esparza in
which we held that filing a suit against both the governmental unit and its
employee invokes subsection (e) and results in an involuntary election of the
governmental unit as the exclusive defendant, should the government or its
employee choose to file a motion to dismiss on behalf of the employee.[5]  

          The
trial court denied the City’s plea to the jurisdiction.  The City now appeals the trial court’s order,
raising one issue. 

Standard of Review and
Related Legal Principles

Governmental immunity from
suit defeats a trial court’s subject-matter jurisdiction and is properly
asserted in a plea to the jurisdiction.  See Tex. Dep’t of Parks & Wildlife v.
Miranda, 133 S.W.3d 217, 225–26 (Tex. 2004); Tex. Dep’t of Transp. v. Jones, 8 S.W.3d 636, 638–39 (Tex. 1999).  We review de novo a trial court’s ruling on a
jurisdictional plea.  Miranda, 133 S.W.3d at 226; see Kalyanaram v.
Univ. of Tex. Sys., 230 S.W.3d 921, 925 (Tex. App.—Dallas 2007, pet.
denied).  

          The
issue presented in this appeal requires us to interpret Tort Claims Act section
101.106.  “The meaning of a statute is a
legal question, which we review de novo to ascertain and give effect to the Legislature’s
intent.”  Entergy Gulf States, Inc. v. Summers, 282
S.W.3d 433, 437 (Tex. 2009); Galbraith Eng’g Consultants, Inc. v. Pochucha,
290 S.W.3d 863, 867 (Tex. 2009).  In
construing statutes, our primary objective is to give effect to the
legislature’s intent as expressed in the language of the statute.  Galbraith
Eng’g Consultants, 290 S.W.3d at 867; see also Tex. Gov’t Code Ann. § 312.005 (Vernon 2005).  “Where text is clear, text is determinative
of that intent.”  Entergy Gulf States, 282 S.W.3d at 437.  “This general rule applies unless enforcing
the plain language of the statute as written would produce absurd
results.”  Id.  We presume the
legislature intended a just and reasonable result when it enacted the
statute.  City of Rockwall v. Hughes, 246 S.W.3d
621, 626 (Tex. 2008).  We read a
statute as a whole, interpreting and giving effect to each of its parts.  See
State ex. rel. State Dep’t of Highways & Pub. Transp. v. Gonzalez, 82
S.W.3d 322, 327 (Tex. 2002) (quoting Jones
v. Fowler, 969 S.W.2d 429, 432 (Tex. 1998)).  

Analysis

In its sole issue, the City
asserts that the trial court erred in denying its plea to the jurisdiction because
subsection 101.106(b) grants it immunity and bars any suit by McMahon against it
arising from the automobile accident with Nugent.  McMahon responds that the City’s position is
contrary to our holding in Esparza,
2011 WL 4925990, at *6.  We agree with
McMahon.  

          Sovereign
and governmental immunity exist to protect the State and its political
subdivisions from lawsuits and liability for money damages because such
lawsuits hamper governmental functions by interfering with the appropriate use
of tax resources.  See Mission Consol. Indep. Sch.
Dist. v. Garcia, 253 S.W.3d 653, 655 (Tex. 2008).  Even so, the State, and likewise its
political subdivisions, may be sued when the legislature has statutorily waived
immunity.  See id.  

The Torts Claim Act
establishes a limited waiver of immunity and authorizes suits to be brought
against governmental units in certain defined circumstances and with certain
restrictions.  See Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001–109
(Vernon 2011 & Vernon Supp. 2011); Tex.
Dep’t of Criminal Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001).  With respect to a statutory waiver of
immunity, as in the Tort Claims Act, we interpret the waiver narrowly, because the
legislature’s intent to waive immunity must be clear and unambiguous.  Mission
Consol. Indep. Sch. Dist., 253 S.W.3d at 655
(Tex. 2008) (citing Tex. Gov’t Code Ann. § 311.034 (Vernon
2005)).  Relevant to
this case, the Act waives governmental immunity to the extent that liability
arises from the “use of a motor-driven vehicle or motor-driven equipment.”  See Tex. Civ. Prac.
& Rem. Code Ann. § 101.021(1)(A) (Vernon 2011).

The City does not presently
dispute that section 101.021 generally waives its immunity for personal injury
claims arising from an accident involving the use of a motor vehicle, such as
that asserted by McMahon.  Nonetheless, the
City claims that, under the procedural posture of this case, its immunity
remains intact pursuant to Tort Claims Act section 101.106.[6]  That statute, entitled “Election of
Remedies,” provides, in relevant part, as follows:

(a)      The
filing of a suit under this chapter against a governmental unit constitutes an
irrevocable election by the plaintiff and immediately and forever bars any suit
or recovery by the plaintiff against any individual employee of the
governmental unit regarding the same subject matter.

 

(b)     The
filing of a suit against any employee of a governmental unit constitutes an
irrevocable election by the plaintiff and immediately and forever bars any suit
or recovery by the plaintiff against the governmental unit regarding the same
subject matter unless the governmental unit consents.

 

                    . . . .

 

(e)      If
a suit is filed under this chapter against both a governmental unit and any of
its employees, the employees shall immediately be dismissed on the filing of a
motion by the governmental unit.

 

          . . . .

 

Tex. Civ. Prac. & Rem. Code Ann. § 101.106 (Vernon 2011).

          In Esparza—a case with a similar factual and procedural background
to this case—the
City made the same argument it makes here: a plaintiff who sues both the governmental
employee and the governmental unit cannot maintain suit against either.  See Esparza,
2011 WL 4925990 at *3.  More
particularly, the City contends that if a plaintiff, such as McMahon, originally
sues both a governmental unit and its employee then, on the governmental unit’s
motion, the employee must be dismissed under subsection (e) and the plaintiff’s
remaining suit against the governmental unit must be dismissed under subsection
(b).  According to the City, the employee
is dismissed under subsection (e) and the governmental unit is immune from suit
under subsection (b).  

          As
pointed out by McMahon, we rejected the City’s argument in Esparza.  See id. at *4, 6.  We reasoned that requiring dismissal of the claims
against the governmental unit when a plaintiff sues both the governmental unit
and its employee would render subsection (e) “superfluous, and its language,
which does not mention dismissal of the governmental unit, would be
incongruent.”  Id. at *6.  We held that the filing of a suit against both
the governmental unit and its employee invokes subsection (e) and results in the
plaintiff’s involuntary election of the governmental unit as her exclusive
defendant, should the government or its employee choose to file a dismissal
motion on behalf of the employee.  See id.  Under those circumstances, subsection (a)
forever bars the claimant from pursuing her claims against the government
employee, the non-elected defendant; but, subsection (b) does not simultaneously
prohibit the claimant from pursuing her claims against the governmental unit, her
elected defendant.  See id. at *5–6.  In sum, “[W]hile a
claimant who erroneously fails to make an election has an election foisted upon
her by operation of the statute, her inartful
drafting does not, alone, bar her claims against both the employee and the
employer.”  Id. at *6.  

          Following
our precedent in Esparza, we conclude
that subsection (b) does not provide immunity when a claimant sues both a
governmental unit and its employee.[7]  See id.
at *4, 6; see also
Tex. Civ. Prac.
& Rem. Code Ann. § 101.106(e).  If
she has otherwise complied with the jurisdictional requisites of the
Tort Claims Act, McMahon is not barred by subsection (b) from pursuing her
claims against the City, her elected defendant.[8]  See Esparza,
2011 WL 4925990, at *10.  We hold that
the trial court properly denied the City’s plea to the jurisdiction.

          We
overrule the City’s sole issue.

Conclusion

          We
affirm the trial court’s order denying the City’s plea to the jurisdiction.

 

 

                                                                      Laura
Carter Higley

                                                                      Justice


 

Panel consists of Chief
Justice Radack and Justices Higley and Brown.

 











[1]         See
Tex. Civ. Prac.
& Rem. Code Ann. § 51.014(a)(8) (Vernon
Supp. 2011).

 





[2]         See
id. § 101.106(b) (Vernon 2011).   





[3]         See id. § 101.106(e).

 





[4]         Id. § 101.106(b).

 





[5]         City of Hous. v. Esparza, No. 01–11–00046–CV, 2011 WL
4925990, at *6 (Tex. App.—Houston [1st Dist.] Oct. 7, 2011,
pet. filed) (op. on reh’g).





[6]         The
Supreme Court of Texas has stated that that “section 101.106 is an immunity
statute.”  Newman v. Obersteller,
960 S.W.2d 621, 623 (Tex. 1997).  The
supreme court reiterated this position in Franka v. Velasquez, 332 S.W.3d 367 (Tex.
2011).  There, the court, citing Newman, stated that section 101.106 is a
statute which confers immunity.  Id. at 371 n.9 (citing
Newman, 960 S.W.2d at 623).   





[7]         The City is critical of our opinion in Esparza. 
Since its issuance, we have relied on and reaffirmed the reasoning of Esparza in a number of opinions.  See,
e.g., Metro. Transit Auth. v. Light, No. 01–11–00747–CV, 2012 WL 252187, at *2–3 (Tex. App.—Houston [1st Dist.] Jan. 26, 2012, no pet.) (mem. op.);
City of Hous. v.
Tsaig, No. 01–11–00432–CV, 2012 WL 170606, at *3
(Tex. App.—Houston [1st Dist.] Jan. 19, 2012, (no pet.)
(mem. op.); Tex. Dept. of Aging and Disability Servs. v. Johnson, No.
01–11–00526–CV, 2012 WL 27728, at *2 (Tex. App.—Houston [1st Dist.] Jan. 5, 2012, no pet.) (mem. op.); City of Hous. v. Marquez, No. 01–11–00493–CV, 2011 WL 6147772, at *3
(Tex. App.—Houston [1st Dist.] Dec. 8, 2011, no pet.) (mem. op.); City of Hous. v. McClain, No. 01–11–00194–CV, 2011 WL
6015697, at *2 (Tex. App.—Houston [1st Dist.] Dec. 1, 2011,
pet. filed) (mem.
op.); City of Hous.
v. San Miguel, No. 01–10–01071–CV, 2011 WL 5429048, at *2–3 (Tex. App.—Houston
[1st Dist.] Nov. 10, 2011, no pet.) (mem. op.).  Here, we again reaffirm Esparza and apply its holding. 
We also note that two of our sister courts have relied on our reasoning
in Esparza to reject the same
argument made by the City in this case. 
In Texas Tech University Health
Sciences Center v. Villagran, the Amarillo Court of Appeals relied on Esparza in reaching the following holding: “[W]hen a claimant sues
both the governmental unit and its employee together, the overall statutory
scheme of section 101.106 requires that the trial court dismiss the employee
upon the governmental unit’s motion, leaving the governmental unit to defend
suits that otherwise comport with the Tort Claims Act’s jurisdictional
constraints.”  No.
07–11–0257–CV, 2012 WL 967366, at *7 (Tex. App.—Amarillo Mar. 22, 2012, no pet.
h.).  The San Antonio Court of
Appeals also adopted our holding in Esparza,
commenting, “Esparza’s construction achieves the legislature’s goals: it
reduces litigation costs by determining the elected defendant at the outset,
protects government employees in the course and scope of employment by allowing
them to be immediately dismissed, and gives the plaintiff’s election—whether by
pleading or operation of statute—irrevocable consequences.”  Tex. Dept. of Public Safety v. Deakyne, No.
04–11–00271–CV, 2012 WL 726916, at *7 (Tex. App.—San Antonio Mar. 7, 2012, no
pet. h.).

 





[8]         The City has not challenged McMahon’s
compliance with the Tort Claims Act jurisdictional requirements, other than the
election-of-remedies provision.  See Esparza, 2011 WL 4925990, at *10 n.22.