In The

# *Court of Appeals*

# *Ninth District of Texas at Beaumont*

_____

## NO. 09-12-00056-CV
_____

## TEXAS PARKS AND WILDLIFE DEPARTMENT, Appellant

## V.

## JAMES FRANKLIN, Appellee

**On Appeal from the 1A District Court**
**Jasper County, Texas**
**Trial Cause No. 31178**

## MEMORANDUM OPINION

In this interlocutory appeal, the Texas Parks and Wildlife Department argues that

the election of remedies provision of the Texas Tort Claims Act bars James Franklin's

suit.[1] *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(b), (e) (West 2011).[2] We

---

[1]A trial court's denial of a motion to dismiss raising an election of remedies issue under section 101.106 of the Texas Tort Claims Act can be appealed under the provisions of section 51.014 of the Texas Civil Practice and Remedies Code. *See Singleton v. Casteel*, 267 S.W.3d 547, 549-50 (Tex. App.—Houston [14th Dist.] 2008, pet. denied); *see also* Tex. Civ. Prac. & Rem. Code Ann.§ 51.014 (West Supp. 2012), § 101.106 (West 2011).

[2] Subsections 101.106(b) and 101.106(e) provide, in pertinent part, that:

conclude that Franklin could pursue his claim against the Department; therefore, the trial court did not err in denying the Department's motion to dismiss. We affirm the trial court's order.

Franklin filed suit after a truck driven by the Department's employee, Joshua Hollis, turned in front of Franklin's vehicle. Initially, Franklin sued both the Department and Hollis. In his original petition, Franklin alleged that Hollis was negligent and that, when the collision occurred, Hollis was acting in the course and scope of his employment with the Department.

In response to Franklin's original petition, the Department filed a motion asking the trial court to dismiss Hollis from the suit based on the election of remedies provision, section 101.106(e) of the Texas Civil Practice and Remedies Code. *See id.* § 101.106(e). Before the trial court ruled on the motion, Franklin filed an amended petition, naming the Department as the sole defendant. Subsequently, based on section 101.106(b), the

---

(b) The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

. . . .

(e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

Tex. Civ. Prac. & Rem. Code Ann. § 101.106(b), (e).

2

Department filed a supplemental motion, asking that the trial court dismiss Franklin's suit against the Department. *See id.* § 101.106(b). In its supplemental motion, the Department argued that by initially filing suit against both it and Hollis, Franklin had irrevocably elected his remedy under section 101.106(b), barring Franklin's suit against it.

In response to the Department's supplemental motion to dismiss, Franklin argued that the Department had consented to being sued in cases involving injuries arising from automobile accidents, that section 101.106(b) did not bar his suit, and that he had removed Hollis from the suit based on the Department's motion stating that Hollis was its employee when the accident occurred. *See id.* §§ 101.021, 101.101 (West 2011). The trial court denied the Department's supplemental motion to dismiss.

In its appeal, the Department argues that because Franklin initially sued Hollis, section 101.106(b) mandates that a plaintiff's suit against a governmental unit employer be dismissed. According to the Department, a plaintiff cannot sue the governmental unit's employee without losing his right to maintain suit against the governmental unit that employed him. To support its argument, the Department relies on *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653 (Tex. 2008).

We disagree that the provisions of section 101.106 constitute an election to sue only the employee when the suit is, at first, initiated against both the governmental unit and its employee. When the employee and the governmental unit are initially joined in a suit due to the employee's having acted in the course and scope of his employment, the

3

statute appears to be intended to cause the governmental unit to become the sole defendant.

Recently, the San Antonio Court of Appeals, under facts and arguments similar to these, concluded that sections 101.106(b) and (e) "cannot reasonably be read to mean that if a plaintiff sues both a governmental unit and its employee, subsections (e) and (b) ensure the plaintiff cannot maintain a suit against either one." *Tex. Dep't of Pub. Safety v. Deakyne*, 371 S.W.3d 303, 310 (Tex. App.—San Antonio 2012, pet. filed). We agree with the reasoning of the San Antonio Court in *Deakyne*. After explaining how the various parts of section 101.106 were intended to operate, the *Deakyne* court stated that "when a plaintiff sues both the governmental unit and its employee, and the governmental unit moves to dismiss its employee under section 101.106(e), the governmental unit becomes the elected defendant, the employee becomes the non-elected defendant, and . . . the governmental unit cannot then assert subsection (b)'s immunity for the non-elected defendant." *Id.* at 310-11.

We likewise conclude that the various provisions of section 101.106 were not intended to operate as a trap; we hold that section 101.106(b) does not require a governmental unit's dismissal under the circumstances that are presented here. In *Garcia*, the Texas Supreme Court did not hold that the election of remedies provision barred claims where the State had waived its right to sovereign immunity; in light of the

4

differences in the procedural histories between *Garcia* and this case, *Garcia* is not controlling. *See* 253 S.W.3d at 654. We overrule the Department's sole issue.

We hold that the trial court properly denied the Department's motion to dismiss under section 101.106(b) of the Texas Tort Claims Act. Accordingly, we affirm the trial court's order.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on August 2, 2012
Opinion Delivered October 25, 2012
Before McKeithen, C.J., Gaultney and Horton, JJ.